CHARLES S. FAIRCHILD et al., as Executors of MARY A. EDSON, Deceased, Respondents, *v.* MARGARET B. EDSON, Individually, and as Executrix of MARMONT B. EDSON, Deceased, Impleaded, etc., Appellant, et al., Appellants and Respondents.

MARGARET B. EDSON, Individually, and as Executrix of MARMONT B. EDSON, Deceased, Appellant, *v.* JOHN A. BARTOW et al., Executors of MARY A. EDSON, Deceased, Appellants, Impleaded with WILLIAM R. HUNTINGTON et al., Respondents.

1. WILL — ATTEMPT TO CURE LEGACIES TO SOCIETIES INCAPABLE OF TAKING.  A testamentary provision to the effect that if any institution or society named as legatee shall be unable to take by reason of want of incorporation or for any other cause, the legacy intended for it is bequeathed "absolutely" to its chief executive officer "to be by him applied to the uses and purposes of such institution or society," is void.

2. TRUST — UNLAWFUL SUSPENSION OF ABSOLUTE OWNERSHIP.  Such a provision involves a trust creating an unlawful suspension of the absolute ownership of personal property not measured by lives.

3. INEFFECTUAL BEQUEST.  Such a provision also involves a bequest to societies unincorporated or otherwise incapable of taking, which cannot be sustained.

4. CHARITABLE TRUST — INDEFINITE DESIGNATION OF BENEFICIARIES.  A testatrix who died prior to the act of 1893 (Ch. 701) bequeathed her residuary estate to her executors, "to be divided by them among such incorporated religious, benevolent and charitable societies of the city of New York, and in such amounts as shall be fixed or appointed by them, with the approval of my friend, the Rev. Dr. William R. Huntington, if living." *Held*, that the bequest was void for indefiniteness, being an attempt to create a trust which failed to designate the beneficiaries, as a class, with such certainty as to enable the court to execute the trust in case the executors and the person named therein had refused to do so or were dead.

5. ABSOLUTE BEQUEST OF INEFFECTUAL LEGACIES, TO EXECUTORS PERSONALLY.  The will provided that in case any legacy "shall lapse, fail or for any cause not take effect, I give and bequeath the amount which shall lapse, fail or not take effect absolutely to the persons named as my executors.  In the use of the same I am satisfied that they will follow what they believe to be my wishes.  I impose upon them, however, no conditions, leaving the same to them personally and absolutely, and without limitation or restriction." *Held*, that this provision did not import a trust,

but constituted upon its face an absolute gift to the executors as individuals, and hence was valid.

6. SOCIETY OF ST. JOHNLAND. Chapter 562 of Laws of 1872, amending the charter of the Society of St. Johnland, a charitable society incorporated under chapter 319 of Laws of 1848, does not exempt the society from the general provision of the act of 1848 rendering charitable bequests void when made within two months of the testator's death.

7. RES ADJUDICATA. A judgment, in an action dealing with the validity of a will upon its face, adjudging that under a residuary clause the executors took as individual legatees certain legacies absolutely and without limit or restriction, is not a bar to an action by the legal representative of the next of kin, based upon that adjudication and invoking equity to deal with the legacies in the hands of the individual legatees, and insisting that by reason of extrinsic evidence a trust should be impressed thereon for the benefit of the representative of the next of kin.

8. APPEAL — QUESTION OF FACT. On appeal from a judgment of reversal, the Court of Appeals cannot review a decision of the Appellate Division upon a question of fact, if there was any evidence to support the conclusion of the Appellate Division.

9. SECRET TESTAMENTARY TRUST — PROMISE BY LEGATEE. An express promise in words, by a legatee, to carry out the wishes of the testator, is not requisite to impress a secret trust upon a legacy; an implied promise, through silent acquiescence and tacit consent, is sufficient.

10. SECRET TRUST IN CIRCUMVENTION OF L. 1848, CH. 319. A secret trust which has for its object the circumvention of the statute (L. 1848, ch. 319) rendering void legacies to charitable uses contained in wills executed less than two months before death, is void.

11. IMPOSITION OF TRUST IN FAVOR OF NEXT OF KIN. When a legacy is given upon a secret trust, having for its object the circumvention of the statute of 1848, equity will not permit the legatee to hold the legacy, but will declare a trust thereon in favor of the next of kin.

12. APPELLATE DIVISION — FINAL JUDGMENT ON REVERSAL, INSTEAD OF NEW TRIAL. Under the power possessed by the Appellate Division to grant to either party the judgment which the facts warrant, on review of a decision which does not state separately the facts found (Code Civ. Pro. § 1022), that court is not required to grant a new trial on reversing a judgment as to one of several parties, but may properly order final judgment against him when it is apparent that the facts were all disclosed and could not be changed on a new trial.

13. LEGACY AS TENANCY IN COMMON — SECRET TRUST — PROMISE BY ONE LEGATEE ONLY. When a bequest to executors personally and absolutely is not declared by the instrument to be in joint tenancy it must be deemed to be a tenancy in common (1 R. S. 727, § 44); and in case one of such legatees has by a promise, express or implied, to comply with the testator's wishes, impressed his share of the bequest with an unlawful and void secret trust, the shares of the other legatees are not affected thereby,

where it does not appear that the promise was made for any one except the individual promisor, and no promise, express or implied, was made by the other legatees.

14. TRANSFER TO NEXT OF KIN, NOT BY INTESTACY BUT BY IMPOSITION OF TRUST. When the share of a legatee in a residuary bequest is impressed with a void secret trust, it is not thereby thrown into intestacy, but equity will lay hold of it in his hands and impress thereon a trust in favor of the next of kin.

*Fairchild* v. *Edson,* 77 Hun, 298, affirmed.

*Edson* v. *Barlow,* 10 App. Div. 104, modified.

(Argued October 12, 1897; decided November 23, 1897.)

THE first case of *Fairchild et al.* v. *Edson et al.* involves appeals from two orders and two judgments of the General Term of the Supreme Court in the first judicial department, entered respectively July 6, December 7, July 31, and December 24, 1894.

The action is brought by the executors of Mary A. Edson at the request of Marmont B. Edson, her brother and sole heir at law and next of kin, for a construction of Mrs. Edson's will and to determine the validity of certain clauses thereof and the second codicil thereto. Marmont Edson died during the pendency of the suit and it was revived in favor of his widow, Margaret B. Edson.

The will and three codicils of Miss Edson were all executed during the month of May, 1890 — the will on the second, the first codicil on the twenty-second, the second and third codicils on the twenty-seventh, and she died on the twenty-ninth. Her estate exceeded one million dollars.

After certain specific bequests she left one-third of her estate to her brother for life, with a power of appointment in him. The balance of the estate, about $800,000, she gave to charity.

The clauses of the will under consideration, as slightly modified by the second codicil, are as follows :

" *Fourth.* If by reason of an error in name or description, a question shall arise as to any beneficiary intended by me to be named, whether in my will or in any codicil, I direct such question to be determined by my executors. If by reason of want

26

of incorporation, or for any other cause whatsoever, any society or institution named in my will or in any codicil shall be unable to take the legacy intended for it, I give and bequeath such legacy absolutely to the person who shall be president of such institution or society, if it has a president, and if not, to the person who shall be its treasurer, if it has a treasurer, and if not, to the person who shall be its chief executive officer, to be by him applied to the uses and purposes of such institution or society.

" *Fifth.* The rest, residue and remainder of my estate not disposed of by my will or by any codicil, I give and bequeath to my executors, to be divided by them among such incorporated religious, benevolent and charitable societies of the city of New York and in such amounts as shall be fixed or appointed by them, with the approval of my friend, the Rev. Dr. William R. Huntington, if living.

" If for any reason any legacy or legacies left by my will or by any codicil, either pecuniary or residuary, shall lapse or fail, or for any cause not take effect either in whole or in part, I give and bequeath the amount which shall lapse, fail or not take effect absolutely to the persons named as my executors. In the use of the same I am satisfied that they will follow what they believe to be my wishes. I impose upon them, however, no conditions, leaving the same to them personally and absolutely, and without limitation or restriction."

The Special Term held in substance :

*1st.* That the legacies to corporations incorporated under the act of 1848 (Ch. 319, § 6) or to which the act is applicable, were void, as the will and second codicil were executed less than two months before the death of the testatrix.

*2nd.* That the provision which permitted the executors to determine the beneficiary in case of error, in name or description, is valid.

*3rd.* That the provision giving legacy of unincorporated society, or of society unable to take for any other cause, to its president, treasurer or other chief executive officer to the uses and purposes of such society, is valid.

*4th.* That the so-called "Huntington clause" is valid, which bequeathed the residue of the estate to the executors, to be divided by them among such incorporated religious, benevolent and charitable societies of the city of New York appointed by them with the approval of Rev. Dr. William R. Huntington, if living.

*5th.* That the bequest in the final residuary clause to the persons named as executors, personally and absolutely, without limitation or restriction, of all legacies lapsing or failing for any cause, is valid.

The judgment of the General Term which modifies that of the Special Term adjudges:

*First.* That the provision of the will bequeathing legacies in trust to the president or other officer of unincorporated institutions to be devoted to their purposes, is void. This reversed the Special Term.

*Second.* That the first sentence of subdivision fifth of the second codicil, reading as follows, is void: "*Fifth.* The rest, residue and remainder of my estate not disposed of by my will or by any codicil, I give and bequeath to my executors, to be divided by them among such incorporated religious, benevolent and charitable societies of the city of New York, and in such amounts as shall be fixed or appointed by them, with the approval of my friend, the Rev. Dr. William R. Huntington, if living." This also reversed the Special Term.

*Third.* That the provisions contained in the second sentence of subdivision fifth, reading as follows, are valid: "If for any reason any legacy or legacies left by my will or by any codicil, either pecuniary or residuary, shall lapse or fail, or from any cause not take effect either in whole or in part, I give and bequeath the amount which shall lapse, fail or not take effect, absolutely to the persons named as my executors. In the use of the same, I am satisfied that they will follow what they believe to be my wishes. I impose upon them, however, no conditions, leaving the same to them personally and absolutely and without limitation or restriction." This affirmed the Special Term.

*Fourth.* It added to the list of the societies whose legacies were void under the act of 1848, the Society of St. Johnland, the Orphan House of the Holy Saviour, at Cooperstown, Otsego county, N. Y., and the New York Protestant Episcopal City Mission Society.

The second case of *Edson* v. *Bartow et al.* involves the appeal of Margaret B. Edson, individually and as executrix of the last will of Marmont B. Edson, deceased, from the judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 11, 1896, which affirmed in part and reversed in part the judgment of the Special Term dismissing the complaint.

This action is brought to establish a constructive trust claimed by the plaintiff to exist under the provisions of the will of Mary A. Edson, deceased, when taken in connection with certain extrinsic facts. The judgment of the Special Term found that no such trust existed and dismissed the complaint.

The judgment of the Appellate Division adjudged that as to John E. Parsons one-third of the residuary estate did not pass by the will to him, and that as to that one-third part of the estate Mary A. Edson died intestate, and Parsons, Fairchild and Bartow, as executors of the will of Mary A. Edson, were directed to pay over the said one-third to the next of kin of Mary A. Edson.

The judgment of the Special Term dismissing the complaint as to William R. Huntington, Charles S. Fairchild and John A. Bartow was affirmed, with some modification as to costs.

*Treadwell Cleveland, Joseph H. Choate, Daniel L. Smith* and *Philip Sidney Dean* for Margaret B. Edson, individually and as executrix, appellant in both cases. The following provision in the will, as modified by the second codicil: " The rest, residue and remainder of my estate, not disposed of by my will or by any codicil, I give and bequeath to my executors, to be divided by them among such incorporated religious,

benevolent and charitable societies of the city of New York, and in such amounts as shall be fixed or appointed by them, with the approval of my friend, the Rev. Dr. William R. Huntington, if living," is void because of uncertainty in designating the beneficiaries. (*Holland* v. *Alcock*, 108 N. Y. 312; *Read* v. *Williams*, 125 N. Y. 560; *Tilden* v. *Green*, 130 N. Y. 29; *People* v. *Powers*, 147 N. Y. 104; *Edson* v. *Bartow*, 10 App. Div. 104; *Levy* v. *Levy*, 33 N. Y. 97; *Fosdick* v. *Town of Hempstead*, 125 N. Y. 581; *Hope* v. *Brewer*, 136 N. Y. 126.) The following provision in the will, as modified by the second codicil, to wit: "If, for any reason, any legacy or legacies left by my will or by any codicil, either pecuniary or residuary, shall lapse or fail or for any cause not take effect either in whole or in part, I give and bequeath the amount which shall lapse, fail or not take effect absolutely, to the persons named as my executors. In the use of the same I am satisfied that they will follow what they believe to be my wishes. I impose upon them, however, no conditions, leaving the same to them personally and absolutely and without limitation or restriction," creates a trust for the reason that it is clear from this provision, taken in connection with the whole will, that the testatrix did not intend that the legatees here named should have the beneficial enjoyment of the subject of this bequest, but did intend that the property should be devoted to charitable uses. (*Colton* v. *Colton*, 127 U. S. 300; *Knight* v. *Knight*, 3 Beav. 148; *Knight* v. *Boughton*, 11 C. & F. 513; *Malim* v. *Keighley*, 2 Ves. 333; *Phillips* v. *Phillips*, 112 N. Y. 197; *Briggs* v. *Penny*, 3 McN. & G. 546; *Harrison* v. *Harrison*, 2 Gratt. 1; *Warner* v. *Bates*, 98 Mass. 274; *Foose* v. *Whitmore*, 82 N. Y. 405; Hill on Trustees [4th ed.], 116; *Smith* v. *Bell*, 6 Pet. 68; *Willets* v. *Willets*, 103 N. Y. 650; 20 Abb. N. C. 471; *Riker* v. *Leo*, 133 N. Y. 519.) The trust thus created by the clause in question is invalid. (*O'Hara* v. *Dudley*, 95 N. Y. 403.) The following provision of the will: "If by reason of want of incorporation, or for any other cause whatsoever, any society or institution named in my will or in any codicil shall be

unable to take the legacy intended for it, I give and bequeath such legacy absolutely to the person who shall be president of such institution or society, if it has a president, and if not to the person who shall be its treasurer, if it has a treasurer, and if not to the person who shall be its chief executive officer, to be by him applied to the uses and purposes of such institution or society," is illegal and void. (*O'Hara* v. *Dudley*, 95 N. Y. 403 ; *Cottman* v. *Grace*, 112 N. Y. 299.) The legacy to the Society of St. Johnland is void, because the will was made within two months of the death of the testatrix. (L. 1848, ch. 319.) A trust *ex maleficio* is established by the provisions of the will in question and the extrinsic facts of the knowledge · on the part of John E. Parsons before Miss Edson's death of the residuary bequest to him and his co-executors, and of the intention of Miss Edson to devote the subject of this bequest to the charitable uses set forth in her will, through the agency of said three legatees and of his silence after such knowledge. His silence amounted to an undertaking on his part that her intention should be effectuated. The charitable uses set forth by Miss Edson are illegal and the trust is, therefore, void, and there results a trust for the plaintiff as representing the next of kin of Miss Edson. (*O'Hara* v. *Dudley*, 95 N. Y. 403 ; *Amherst College* v. *Ritch*, 151 N. Y. 282 ; *Huguenin* v. *Baseley*, 14 Ves. 294.) The secret trust affects all the property in the hands of all the executors. (*Amherst College* v. *Ritch*, 151 N. Y. 282 ; *Moss* v. *Cooper*, 1 J. & H. 352 ; *King's Estate*, 21 L. R. [Ir.] 273 ; *Hooker* v. *Axford*, 33 Mich. 453 ; *Russell* v. *Jackson*, 10 Hare, 204 ; *Springett* v. *Jenings*, L. R. [10 Eq. Cas.] 488 ; L. R. [6 Ch. App.] 333.) The plea of *res adjudicata* is of no force. (*In re Keleman*, 126 N. Y. 73.)

*James C. Carter* for corporations, appellants and respondents, in both cases. The final clauses of the will and of the 5th article of the codicil make an absolute bequest of the amounts stated in them to Messrs. Parsons, Bartow and Fairchild, unattended by any trust. (*In re Keleman*, 126 N. Y.

73 ; *Phillips* v. *Phillips*, 112 N. Y. 205 ; *Riker* v. *St. Luke's Hospital*, 35 Hun, 512 ; 102 N. Y. 742 ; *Roseboom* v. *Roseboom*, 81 N. Y. 356 ; *Freeman* v. *Coit*, 96 N. Y. 63 ; 1 Jarman on Wills [5th Am. ed.], 685, 703 ; Perry on Trusts, § 115 ; *Webb* v. *Wools*, 2 Sim. [N. S.] 267 ; *In re Adams* v. *Kensington*, L. R. [27 Ch. Div.] 394 ; *Fox* v. *Fox*, 27 Beav. 30 ; *Green* v. *Green*, 3 Irish Eq. 90 ; *Briggs* v. *Penny*, 3 M. & G. 546.)  The residuary clause contained in the will and 2d codicil as follows : " The rest, residue and remainder of my estate I give and bequeath to my executors, to be divided by them among such incorporated, religious, benevolent and charitable societies of the city of New York, and in such amounts as shall be fixed or appointed by them, with the approval of my friend, the Rev. Dr. William R. Huntington, if living," is valid.  (Lewin on Trusts [3d ed], 693 ; Perry on Trusts, § 248 ; 2 R. S. ch. 1, tit. 2, §§ 94–100.) There is no extrinsic fact admitted or proved which furnishes any evidence whatever of the existence of an unexpressed trust.. (*In re Keleman*, 126 N. Y. 73 ; *Podmore* v. *Ganning*, 7 Sim. 644; *Wallgrave* v. *Tebbs*, 2 K. & J. 313 ; *Chester* v. *Unwick*, 23 Beav. 407 ; *Lee* v. *Ferris*, 2 K. & J. 357; *Moss* v. *Cooper*, 4 L. T. [N. S.] 790 ; *Jones* v. *Bradley*, L. R. [3 Ch. App.] 363 ; *McCormack* v. *Grogan*, 4 H. of L. 82; *Boerbotham* v. *Dunnett*, L. R. [8 Ch. Div.] 430 ; *Lomax* v. *Ripley*, 3 Sm. & G. 48 ; *Edwards* v. *Pike*, 1 Eden, 267; *Brown* v. *Stallhous*, 1 Eden, 508.)

*David B. Ogden* and *Edward W. Shepard* for executors of Mary A. Edson, deceased, et al., appellants and respondents, in both cases.  The General Term having decided that all the estate which was not otherwise validly disposed of by Miss Edson's will passed to the plaintiffs herein for their own use, it should have affirmed the Special Term judgment without modification.  (*Riker* v. *Cornwell*, 113 N. Y. 115 ; *Bryant* v. *Thompson*, 128 N. Y. 426; *In re Manning*, 139 N. Y. 446; *In re Hodgman*, 140 N. Y. 421.)  The testatrix intended that her brother Marmont should not, under any cir-

cumstances, receive more than one-third of her estate, and that that third should be held for him in trust for his life, with remainder over to his children, and she did not intend to die intestate as to any portion of her estate. (*In re Keleman*, 126 N. Y. 73.) The bequest to the executors, contained in the 2d paragraph of the 5th clause of the will and in the 2d codicil, is absolute and valid. (*Reeves* v. *Baker*, 18 Beav. 372; *Riker* v. *St. Luke's Hospital*, 35 Hun, 512; *Roseboom* v. *Roseboom*, 81 N. Y. 356; *Freeman* v. *Coit*, 96 N. Y. 63; 1 Jarman on Wills [5th Am. ed.], 685, 703; Perry on Trusts, 2 Sim. [N. S.] 267; *In re Adams* v. *Kensington*, L. R. [27 Ch. Div.] 409; *Fox* v. *Fox*, 2 Beav. 30; *Green* v. *Green*, 3 Irish Eq. 90; *Briggs* v. *Penny*, 3 M. & G. 546; *Lefoy* v. *Flood*, 4 Irish Ch. 1; *Sturges* v. *Paine*, 146 Mass. 354; *Lawrence* v. *Cooke*, 104 N. Y. 632; *Foose* v. *Whitmore*, 82 N. Y. 405.) The power given by the testatrix to her executors to divide her residuary estate among a specified class of religious, benevolent and charitable societies is valid. (*Power* v. *Cassidy*, 79 N. Y. 602; *Owens* v. *Miss. Soc.*, 14 N. Y. 380; *Dammert* v. *Osborn*, 140 N. Y. 43; *Hollis* v. *Drew Theo. Sem.*, 95 N. Y. 166; *Read* v. *Williams*, 125 N. Y. 560.) The Appellate Division, even if right in reversing the judgment in the second case, erred in not granting a new trial. ( *Whitehead* v. *Kennedy*, 69 N. Y. 462; *Foot* v. *Ætna L. Ins. Co.*, 61 N. Y. 578; *Griffin* v. *Marquardt*, 17 N. Y. 28; *Ehrichs* v. *De Mill*, 75 N. Y. 370; *Thomas* v. *N. Y. L. Ins. Co.*, 99 N. Y. 250; *Iselin* v. *Starin*, 144 N. Y. 453.) To sustain the action the plaintiff must show, *first*, that the executors took the property charged with a trust, either expressed on the face of the will or communicated to them by the testatrix and assented to by them; and, *second*, that the trust was for an illegal purpose. Secret trusts are not forbidden. (*In re Keleman*, 126 N. Y. 73; *Bedilian* v. *Seaton*, 3 Wall. Jr. 279; *McCormack* v. *Grogan*, 4 H. of L. 82; *Carter* v. *Green*, 3 K. & J. 591; *Smith* v. *Edwards*, 88 N. Y. 102; *Hone* v. *Van Schaick*, 7 Paige, 221; *Williams* v. *Fitch*, 18 N. Y. 546; *Spicer* v. *Spicer*, 16 Abb. Pr. 112;

*Moyer* v. *Moyer*, 21 Hun, 67; *Gilman* v. *McArdle*, 99 N. Y. 451.)

*S. P. Nash* for the Cathedral of St. John the Divine et al., appellants and respondents, in both cases.   The judgment in the case of *Fairchild et al.* v. *Edson* should be affirmed. (*In re Keleman*, 126 N. Y. 73.)   This judgment was *res adjudicata* in the case of *Edson* v. *Bartow et al.*, and the latter action should have been dismissed. (*Cromwell* v. *County of Sac*, 94 U. S. 351; *C. P. P. & M. Co.* v. *Walker*, 114 N. Y. 7; *Pray* v. *Hegeman*, 98 N. Y. 351; *Reich* v. *Cochran*, 151 N. Y. 122.)   The decision of the Special Term, in the suit brought by the executors of Mary A. Edson's will, was an adjudication sustaining the validity of the gift to the persons named as executors, and was a complete bar to the second action. (*Cromwell* v. *County of Sac*, 94 U. S. 351; *Read* v. *Williams*, 125 N. Y. 560; *Bailey* v. *Briggs*, 56 N. Y. 407; *C. P. P. & M. Co.* v. *Walker*, 114 N. Y. 7; *Pray* v. *Hegeman*, 98 N. Y. 351; *Reich* v. *Cochran*, 151 N. Y. 122.)

BARTLETT, J.   It has been deemed advisable to consider in one opinion the two cases presented by these appeals, although they were argued separately and involved very different questions.

The first action was brought by the executors of the will of Mary A. Edson, deceased, for the purpose of obtaining a judgment construing and determining the validity of certain provisions of her will and second codicil.

The court below held, upon the face of the will, the final residuary clause valid which bequeathed to the persons named as executors, personally and absolutely and without limitation or restriction, any legacy, either pecuniary or residuary, which had lapsed or failed, or for any cause had not taken effect in whole or in part.

The second action was instituted by the brother of the testatrix, as her sole heir at law and next of kin, to establish a constructive trust under the provisions of the will and second

codicil, taken in connection with certain extrinsic facts established, as it is claimed, at the trial.

The plaintiff in this latter action died since it was begun, and this appeal is prosecuted by his executrix in her representative capacity and individually.

The second action proceeds upon the assumption that the first was properly decided, as the theory upon which it rests is that the bequest to the individuals named as executors, personally, is valid on the face of the will, but that a court of equity, by reason of extrinsic facts, will lay hold of the legacy in the hands of the individual legatee and impress upon it a trust, in order to do justice in the premises.

We will now consider the appeal in the first action, which deals with the validity of the will upon its face. It seems to be practically conceded in the briefs submitted that the provision of the will giving the legacy of an unincorporated society, or of a society unable to take for any other cause, to its chief executive officer to its uses and purposes, is void.

Such an officer would take in trust, notwithstanding the fact that the testatrix bequeaths the legacy " absolutely," as she provides it is held " to be applied to the uses and purposes of such institution or society." This trust is within the condemnation of the statute as creating an unlawful suspension of the absolute ownership of personal property not measured by lives (*Cottman* v. *Grace*, 112 N. Y. 299), and also involves a bequest to societies unincorporated or otherwise incapable of taking, which cannot be sustained. (*O'Hara* v. *Dudley*, 95 N. Y. 403.)

This leaves two principal questions to be considered:

The first arises under the following provision of the will as modified by the second codicil, which was held valid by the Special Term and void by the General Term : " The rest, residue and remainder of my estate, not disposed of by my will or by any codicil, I give and bequeath to my executors, to be divided by them among such incorporated religious, benevolent and charitable societies of the city of New York, and in such amounts as shall be fixed or appointed by them,

with the approval of my friend, the Rev. Dr. William R. Huntington, if living."

It is urged that the testatrix has sought to create a trust which is void for the reason that she has not designated her beneficiaries, as a class, with certainty.

It has been repeatedly held by this court that the class of beneficiaries should be so designated and determined that if the executors or trustees to whom the fund is given should die before the execution of the trust, the court could distribute the fund equally among the members of the class. (1 R. S. 734, § 100.)

The true test to be applied to this provision of the will is, could the court execute this trust if the executors and the Rev. Dr. Huntington had refused to do so, or were dead?

The beneficiaries are described to be "such incorporated religious, benevolent and charitable societies of the city of New York" as shall be appointed by the executors, with the approval of the Rev. Dr. Huntington, if living.

If the Supreme Court were called upon to ascertain the beneficiaries designated as objects of this trust, and to decree equal distribution of the fund to all of the class named, we are of the opinion it could refuse to proceed on the ground that it would be impracticable to make a complete list of the incorporated religious, benevolent and charitable societies of the city of New York.

If the bequest were confined to incorporated religious societies of all denominations it would call upon the court to perform a very difficult task, but add to the list the incorporated charitable and benevolent societies of every kind, unlimited by creed or other restriction, and the class becomes so indefinite and uncertain that the court would find it impossible to execute the trust.

The validity of this provision of the will we are now considering was argued before us with great learning and ability, reviewing the law prior to the Revised Statutes creating our present system of trust powers governing trusts of personal as well as real property, and urging that in *Prichard* v.

*Thompson* (95 N. Y. 76) and kindred cases the statute had been so strictly construed as to prevent the courts from ascertaining the intention of testators, and in cases where gifts were to very large classes of charities, resulted in defeating the scheme of the will in that regard on the ground that the bequest was indefinite as to the class sought to be designated.

We were also reminded that the evil had become such a public reproach that the legislature had intervened in a manner that affords only an imperfect remedy. (Laws 1893, ch. 701.)

The obvious answer to this argument is that, while it would be entitled to serious consideration when addressed to a body seeking to frame a statute creating trust powers, so as to carry out to a greater extent than under the present system the intention of testators, it must necessarily be without force in this court, where the invalidity of the provision under review, read in the light of existing statutes, is established by a number of cases which are carefully reasoned both on principle and authority. (*Prichard* v. *Thompson*, 95 N. Y. 76; *Holland* v. *Alcock*, 108 N. Y. 312; *Read* v. *Williams*, 125 N. Y. 560; *Fosdick* v. *Town of Hempstead*, 125 N. Y. 581; *Tilden* v. *Green*, 130 N. Y. 29; *People* v. *Powers*, 147 N. Y. 104.)

It is unnecessary to go over the facts of these cases in detail, or to consider the principles and authorities upon which they rest, as it would be mere repetition.

We agree with the learned General Term that this provision of the will is void for indefiniteness.

The second question to be considered arises under the following provision of the will and second codicil, viz.: " If, for any reason, any legacy or legacies left by my will, or by any codicil, either pecuniary or residuary, shall lapse or fail, or for any cause not take effect, either in whole or in part, I give and bequeath the amount which shall lapse, fail or not take effect absolutely to the persons named as my executors. In the use of the same I am satisfied that they will follow what they believe to be my wishes. I impose upon them, however,

no conditions, leaving the same to them personally and absolutely, and without limitation or restriction."

The Special and General Terms have sustained the validity of this clause, holding that the executors took thereunder as individuals an absolute gift of all the property of testatrix not validly disposed of by the will and codicils.

It is insisted by the respondents, in support of this provision, that it is impossible to raise any question of interpretation; that the language is so clear as to exclude all doubt; that to ascertain the meaning of the clause we have only to read it; that the testatrix anticipated that the intention to create a trust might be imputed to her, and added language which prevents such a construction.

It certainly seems reasonable to assume that, where the court is considering the face of the will only, and a testator has said in so many words that he did not intend to create a trust, a conclusion could not be reached that he did intend it.

This case is not to be distinguished from that of *In re Keleman* (126 N. Y. 73). The language of the codicil in that case was as follows : " Doubts having arisen as to the validity of the bequests made for charitable purposes in my said will, I hereby modify said will, dated February 18th, 1889, by making my friend Townsend Wandell my residuary legatee and devisee, and hereby request him to carry into effect my wishes with respect thereto, but this is not to be construed into an absolute direction on my part, but merely my desire."

Judge FINCH, in writing the opinion of the court, said : " We think it very clear that the bequest was absolute to the legatee, and not upon any trust at all.   *   *   *   She leaves him absolute owner, and free to do as he shall choose.   She puts upon him no obligation, legal or equitable, but contents herself with the bare expression of a wish which she hopes will influence his free agency.   And so the bequest was absolute, and, therefore, valid on the face of the will." (See, also, *Riker* v. *St. Luke's Hospital*, 35 Hun, 512 ; affirmed, 102 N. Y. 742 ; *Roseboom* v. *Roseboom*, 81 N. Y. 356 ; *Freeman* v. *Coit*, 96 N. Y. 63.)

We have carefully considered the very able briefs of the appellants which refer us to numerous authorities in England and this country, where the language of the will has been held to be mandatory and to import a trust. Every will is, to a certain extent, *sui generis*, and the trend of modern authority is to assume that the testator means precisely what he says, and that he is entitled to have attributed to his language its plain and ordinary meaning. Judged by this rule, the final residuary clause in the will before us created no trust upon its face.

There is a further question to be considered.

The Special Term held that the legacies to certain corporations incorporated under the act of 1848 (Ch. 319), or to which that act is applicable, were void, as the will was executed less than two months before the death of the testatrix. The General Term added to the list of these corporations, as set forth in the judgment of the Special Term, the names of three other corporation legatees, viz., Society of St. Johnland, Orphan House of the Holy Saviour at Cooperstown, Otsego county, New York, and the New York Protestant Episcopal City Mission Society, their legacies having been upheld by the Special Term.

The Society of St. Johnland alone has appealed to this court. This society was organized under the Laws of 1848 (Ch. 319), but claims exemption under the provisions of Laws of 1872 (Ch. 562). This act authorized the society " to take, hold, transfer and convey, for the purposes of its incorporation, in addition to the property now held by it, all such other property, real and personal, as has heretofore been given, devised, bequeathed, subject to all provisions of law relating to devises and bequests by last will and testament, or conveyed to it, or may hereafter be given, devised, bequeathed or conveyed to it by any person or persons whomsoever," etc.

It is urged on behalf of this society that the act quoted exempts it from the provisions contained in the general act of 1848, rendering charitable bequests void when made within two months of the testator's death, and that unless such a meaning is given the statute is without purpose.

The act is inartificially drawn, but it obviously permits this society to take and hold property without limit as to amount, subject to all provisions of law relating to devises and bequests by last will and testament.    This qualifying clause was evidently inserted to prevent releasing the society from the restrictions contained in the general act of 1848.

It, therefore, follows that the legacy to the Society of St. Johnland is void.

The judgments and orders of the General Term modifying the judgment of the Special Term in the first action are affirmed, with costs to all parties appearing by separate attorneys in this court to be paid out of the estate.

We now come to the cross appeals in the second action brought to establish a constructive trust as to the property bequeathed personally and absolutely to the three persons named as executors in Miss Edson's will.

The Special Term dismissed the complaint as to all the persons named as executors and the Appellate Division affirmed as to two of them, but as to John E. Parsons adjudged that the one-third of the residuary estate given to him be paid to the next of kin of testatrix.

We are met at the threshold of this appeal by the suggestion that the judgment in the first action is a complete bar to this suit.

We agree with the reasoning contained in the opinion of the learned Appellate Division on this point, and hold that the judgment in the first action is not a bar.    As already pointed out, the first action dealt with the validity of the will upon its face and adjudged that under the final residuary clause the legatees took as individuals their respective legacies absolutely and without limit or restriction.    In the second case the plaintiff rests upon that adjudication as the foundation of her action and invokes the aid of a court of equity to deal with the legacies in the hands of the individual legatees, insisting that by reason of extrinsic evidence a trust should be impressed thereon for the benefit of the legal representative of the next of kin or heir at law.

The statement of this situation is a complete answer to the suggestion of *res adjudicata*.

Approaching the merits of this case, we find that Miss Edson prior to 1884 inherited a fortune of about twelve hundred thousand dollars, and in that year executed a will in which her brother was made her residuary legatee in the event she survived her sister.

In May, 1890, and during her last illness, she executed the will and second codicil now before the court — the will on the second day of that month, the first codicil on the twenty-second, the second and third codicils on the twenty-seventh, and she died on the twenty-ninth.

The main contention of the plaintiff is that the second codicil, which contains the last residuary clause as finally amended, was executed by the testatrix under the shadow of death and within two days of her decease; that she was then advised by her counsel that her new testamentary scheme to devote her estate largely to religion and charity was likely to fail as it was apparent that her survival for sixty days was impossible; that in order to avoid the provisions of the law in this regard, the final residuary clause was devised so that legacies to the societies resting under the inhibition of the general act of 1848 should be paid to them by the individual legatees who had assumed a secret trust to carry out the wishes of the testatrix to that effect. These assertions of the plaintiff are fully denied, and upon this issue the parties went to trial.

It is important to have a clear understanding as to the manner in which the question of fact is presented to this court and the limits of our power in the premises. The trial court dismissed the complaint as to the residuary legatees Parsons, Bartow and Fairchild. The Appellate Division affirmed this judgment as to the two latter and reversed it as to Mr. Parsons and ordered a final judgment against him.

The defendants insist that the facts are undisputed and that no question of fact is presented here; that there is only a question of law as to whether the facts show a promise on the part of Mr. Parsons.

The Appellate Division state in their order that the reversal was on the law and the facts, and say in their opinion that they concluded, from all the facts, that when the will was executed Mr. Parsons did have an understanding with Miss Edson as to her wishes with regard to this property.

Whether there is a question of fact in a case is always a question of law depending possibly upon a conflict of evidence and possibly upon conflicting inferences which may be drawn from uncontradicted evidence. (*Otten* v. *Manhattan R. Co.,* 150 N. Y. 401; *S. S. N. Bank* v. *Sloan,* 135 N. Y. 383–4; *Hart* v. *Hudson River Bridge Co.,* 80 N. Y. 622.)

In the case before us we have uncontradicted evidence from which conflicting inferences may be drawn. In *Otten* v. *Manhattan Ry. Co.* (150 N. Y. 400) Judge VANN states the rule governing this question.

"It is clear that we have no power to review a question of fact in a civil case and that our jurisdiction is limited both by the Constitution and the statute to questions of law. When the Appellate Division affirms unanimously upon the facts we cannot look into the record to see whether there was any evidence to sustain the findings, for the Constitution forbids it. When the Appellate Division reverses upon the facts there is no constitutional inhibition, and a question of law arises as to whether there was any evidence to support the view of that court. If it appears that there was any material and controverted question of fact, the decision thereof by the Appellate Division is final. We cannot now review a decision upon a question of fact when the judgment is of reversal any more than we formerly could when it was of affirmance, except that if there is no material question of fact appearing in the record we have jurisdiction to review, because in that case the Appellate Division would have had no jurisdiction to reverse."

It, therefore, comes to this, that if there was any evidence to support the conclusion of the Appellate Division as to Mr. Parsons, we are not at liberty to weigh it or review it, but the decision below is final and binding upon this court.

In view of the earnest insistence of the learned counsel for defendants that the conclusion of the Appellate Division in this regard is wholly unsupported by evidence, we have examined this record with the greatest care and reached the conclusion that there is evidence to sustain the decision below as to Mr. Parsons.

We quote the final residuary clause in this connection : " If for any reason any legacy or legacies left by my will, or by any codicil, either pecuniary or residuary, shall lapse or fail, or for any cause not take effect, I give and bequeath the amount which shall lapse, fail or not take effect, absolutely to the persons named as my executors. In the use of the same I am satisfied that they will follow what they believe to be my wishes. I impose upon them, however, no conditions, leaving the same to them personally and absolutely and without limit or restriction."

Considering the facts established at the trial it cannot be properly said that there was no evidence to sustain the conclusion of the Appellate Division to the effect that this residuary clause was a last effort, so far as Mr. Parsons was concerned, to aid his dying client in carrying out a testamentary scheme that was about to be defeated to a very large extent by her immediate death, and that he took his legacy resting under the implied promise to carry out her wishes. The express promise in words is not necessary — silent acquiescence and tacit consent have all the force and effect of a promise solemnly made in the presence of witnesses. (*O'Hara* v. *Dudley*, 95 N. Y. 412.)

The evidence certainly discloses a state of facts from which opposing inferences may be drawn.

The following are some of the facts : That Mr. Parsons was and long had been the legal adviser of the testatrix ; that the will and codicils were prepared under his supervision ; that he attended to the execution of this second codicil within forty-eight hours of his client's death with more than usual care, reading it to the testatrix and stopping at the end of each clause until she nodded assent ; that shortly after her death

the residuary legatees met at Mr. Parsons' office and joined in a deed of gift, with the approval of Rev. Dr. Huntington, which provided, among other things, for the payment of legacies to all the corporations named in the will and codicils that had lapsed for any cause; that Dr. Huntington testified that he paid regard to what he understood to be the wishes of Miss Edson, and learned what they were from the executors.

We have no power, as before stated, to weigh or review these facts, but decide that there was evidence to support the conclusion of the Appellate Division as to Mr. Parsons.

Starting out with this conclusion, based on the facts, the judgment against Mr. Parsons is sustainable on principle and authority. The effect of his agreement was to defeat the policy of the state as embodied in the general act of 1848, rendering void all legacies to charitable uses contained in wills executed less than two months before death.

It has long been considered in accordance with a sound public policy to guard against those improvident dispositions by last will and testament which are so often the result of a weakened mental condition, due to severe illness, and the fear that comes to many in the hour of death.

It needs no argument to demonstrate that a secret trust, having for its object the circumvention of this statute, is void.

This being so, a court of equity will not permit the legatee to hold his legacy, but declares a trust in favor of the heir at law and next of kin. This precise question has been so thoroughly considered, and the authorities reviewed at such length by this court in *O'Hara* v. *Dudley* (95 N. Y. 403) and *Amherst College* v. *Ritch* (151 N. Y. 282), that a discussion on this branch of the case will not be prolonged.

The point is made by one of defendants' counsel that the Appellate Division, even if right in reversing the judgment as to Mr. Parsons, erred in not granting a new trial.

Section 1022 of the Code of Civil Procedure, as amended in 1895, to take effect January 1st, 1896, reads as follows:

" § 1022.  The decision of the court or the report of a ref-

eree, upon the trial of the whole issues of fact, may state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, or the court or referee. may file a decision stating concisely the grounds upon which the issues have been decided, and direct the judgment to be entered thereon, which decision so filed shall form part of the judgment roll. In an action where the costs are in the discretion of the court, the decision or report must award or deny costs, and if it awards costs, it must designate the party to whom the costs to be taxed are awarded. Whenever judgment is entered on a decision which does not state separately the facts found, the defeated party may file an exception to such decision, in which case, on an appeal from the judgment entered thereon upon a case containing exceptions, the Appellate Division of the Supreme Court shall review all questions of fact and of law, and may either modify or affirm the judgment, or order appealed from, award a new trial, *or grant to either party the judgment which the facts warrant.*"

The words " or grant to either party the judgment which the facts warrant" are new. It is urged by appellants that these words confer no new power, and that the question as to what were proper cases for the exercise of this jurisdiction was not changed by this amendment.

We are of opinion that the ordering of final judgment in this case against Mr. Parsons was justified by the condition of the record.

It is apparent that the facts were all disclosed, and on a new trial they could not have been changed.

The remaining question is whether the secret trust affects all the property in the hands of the three legatees under the residuary clause.

The Appellate Division held that the legatees took as tenants in common, and that the promise of one made in his behalf with the testatrix did not bind his co-tenants.

In *O'Hara* v. *Dudley* (95 N. Y. 410) Judge Finch states that the legatees in that case took absolutely, but as joint tenants. At pages 412 and 413 the learned judge says: "So far

then as McCue is concerned he stands in the attitude of having procured and induced the testatrix to make a devise or bequest to himself and his associates, by asserting its necessity and promising faithfully to carry out the charitable purposes for which it was made, and whether his associates knew or promised, or did not, makes no difference where the devise is to them as joint tenants, and all must get their rights through the result accomplished by one."

In the case at bar it is conceded that there is no evidence establishing a promise made testatrix, either express or implied, by Bartow or Fairchild. The plaintiff's contention is that Bartow and Fairchild are bound by the implied promise made by Parsons. In order to escape the force of the distinction taken in *O' Hara* v. *Dudley*, between joint tenants and tenants in common, it is urged that this court in *Amherst College* v. *Ritch* (151 N. Y. 282) expressly eliminated in this state the distinction in this class of cases between a joint tenancy and a tenancy in common.

This criticism is inaccurate and the conclusion based thereon unwarranted. There is a very clear distinction between the case cited and the one at bar. In the *Amherst College* case the trial court found that Ritch and Vaughan for themselves and Mr. Bulkley promised the testator, Mr. Fayerweather, that if he would make them the residuary legatees they would do as he desired. The General Term held that the facts so found were amply supported by evidence; also, that there was an understanding between Bulkley and the testator that the estate should be disposed of as the latter desired. Under these peculiar circumstances we held that Bulkley, by accepting the gift, ratified the promise made in his name.

In the case at bar there is no evidence that the implied promise of Mr. Parsons was made for any one except himself. In the will and codicil now under consideration there was no declaration of joint tenancy between the residuary legatees, so under the statute it must be deemed a tenancy in common (1 R. S. 727, § 44) which applies to personal property as well as real estate. (*Matter of Kimberly*, 150 N. Y. 90.)   It fol-

lows that there was no error in the Appellate Division affirming the dismissal of the complaint as to Bartow and Fairchild.

It is freely conceded throughout this case that Mr. Parsons' position has been an honorable one; that his sole object was to carry out the religious and charitable designs of his client, who was *in extremis*, and that he never proposed to hold the legacy in question for his own benefit in whole or in part.

All this goes without saying, but a court of equity will never permit a testamentary scheme, however meritorious in origin or object, to prevail when it is proved that the testatrix and her residuary legatee have entered into an agreement, express or implied, having for its object the evasion of the statute and the subversion of the public policy of the state.

In conclusion, we call attention to the form of judgment entered up in the Appellate Division, doubtless through inadvertence, as to the one-third of the estate bequeathed to Mr. Parsons.

It adjudges that it did not pass by Miss Edson's will " to the said John E. Parsons, and that as to the said one-third part of her residuary estate the said Mary A. Edson died intestate." It then directs the executors to pay over the amount to the next of kin.

We have already pointed out that under the judgment in the first action the legacy to Mr. Parsons did pass under the will and second codicil, and that the court, in the exercise of its equitable jurisdiction, lays hold of this one-third of the estate in the hands of Mr. Parsons, individually, as residuary legatee, and impresses thereon a trust in favor of the next of kin.    There was no intestacy as to this portion of the estate.

The judgment of the Appellate Division should be modified so as to conform to these views, and, as modified, affirmed, with costs to all parties appearing by separate attorneys in this court to be paid out of the estate.

All concur.

Judgment accordingly.