This is an appeal from a decree of partial distribution, made by the superior court (in probate), whereby it distributed to Adolph B. Spreckels and Reuben H. Lloyd $80,000 of the $200,000 bequeathed to them by the will of *Page 635 
deceased, and which was the subject matter of the litigation in the case of James O'Donnell et al. v. Samuel G. Murphy. et al.
(No. 1034), ante, p. 625, [120 P. 1076], this day decided by this court.
In the case at bar the respondents Spreckels and Lloyd filed a petition, on June 6, 1907, for the distribution to them of the $200,000 bequeathed to them in terms by the will of said decedent, Honora Sharp. To this petition the appellants, claiming to be the only heirs at law of said decedent, filed a demurrer, and subsequently, before the court had passed thereon, filed an answer, petition and cross-complaint. This pleading was filed subsequently to the commencement by respondents of the action in equity, above referred to as this day decided by this court, and the "petition and cross-complaint" consisted of the complaint filed in the action in equity. The answer also set forth the commencement of such action in equity, and made the complaint therein a part of such answer. Respondents demurred to the answer, petition and cross-complaint, and this demurrer was sustained without leave to amend, and the court in due time granted the petition of respondents in part, and from this order or decree appellants appealed. As stated by counsel for appellants at the oral argument (the two appeals were argued together before this court), appellants opposed the petition for distribution of the $200,000, given by the will to Spreckels and Lloyd, on the ground that it was void because given as a secret but invalid trust, and that appellants had a right to litigate this question in the probate proceedings.
The court, however, was of the opinion that appellants had mistaken their remedy, that the court in probate could not consider the matter, that their remedy was to bring an independent action in equity to charge the legatee of the void legacy with a trust in favor of the heirs at law.
Counsel at the oral argument admitted that such was the usual course, but as appellants had appealed from the decree of distribution, the matter was submitted to this court.
That the course adopted by the heirs at law in bringing the action in equity was the proper one to pursue to enforce their alleged rights is abundantly established by the authorities called to our attention through the learning and industry of counsel for appellants upon the appeal in the equity case. *Page 636 
(Matter of Will of O'Hara, 95 N.Y. 403, [47 Am. Rep. 53];Fairchild v. Edson (Edson v. Bartow), 154 N.Y. 199, 215, [61 Am. St. Rep. 609, 48 N.E. 541]; Amherst College v. Ritch, 151 N.Y. 282, [45 N.E. 876, 37 L. R. A. 305].)
In that action the appellants in this action sought to litigate against the same parties the very same matters that they seek to litigate in this proceeding. In the other action all parties whose interests could be affected were impleaded, in a court of appellants' own choosing, whose jurisdiction has not been, and could not successfully be, challenged by anyone. These same appellants prosecuted that action to a judgment which determined the matters sought to be litigated in this proceeding. This court has this day affirmed that judgment; and upon the going down of the remittitur, such judgment will become final and conclusive against these appellants as to the very matters that they seek to litigate in this proceeding. It is thus manifest that a reversal of the judgment in this proceeding, and the remanding of the matter for further proceedings in the court below, could result in no practical good to appellants. The respondents could at once plead the judgment rendered in the other action as a bar to the right claimed by appellants in this proceeding. For this reason we think we might well affirm the judgment appealed from in this proceeding without further examination. However, we are of the opinion that where, as in this case, the will has finally been admitted to probate, and upon its face imports an absolute gift, and it is sought to establish a secret and invalid trust, as against the legatee, not only the proper but the only remedy is by an independent action to charge the legatee as a trustee.
No trust or invalidity appearing upon the face of the will, it must be given effect in probate according to its terms, and the secret trust can only be established through an independent action in equity against the legatee. This certainly has been the uniform practice, as is abundantly shown by the authorities referred to in this opinion and in the opinion filed in the equity case.
In the cases of Fairchild v. Edson and Edson v. Bartow, 154 N.Y. 199, 215, [61 Am. St. Rep. 609, 48 N.E. 541], the court had before it two appeals involving the same bequest. It determined in the first case that the bequest in question was *Page 637 
upon its face absolute, and therefore valid on the face of the will. In the second case it was held that the same bequest was upon a secret and invalid trust, but the court pointed out that no intestacy resulted therefrom, but that the bequest passed to the legatee, where it would be impressed by a court of equity with a trust in favor of the heir at law.
The judgment is affirmed.
Lennon, P. J., and Kerrigan, J., concurred.