HENRY CRANDALL DURKEE, Appellant, v. ORVILLE C. SMITH, as Executor, etc., of BETSEY W. CRANDALL, Deceased, and Others, Respondents, Impleaded with ANNA M. LAWLER, an Infant, by JAMES McPHILLIPS, her Guardian *ad Litem*, Appellant.

(*Supreme Court, App. Div., Third Dept., January 5, 1916.*)

WILL—TRUST—VALIDITY OF TRUST FOR PURPOSE OF PUBLIC LIBRARY AND PARKS—EVIDENCE INSUFFICIENT TO ESTABLISH SECRET TRUST.

A testator gave to his wife, in case she survived him, the use of all the rest and residue of his estate for her life, and in case she did not survive him, and in case she did survive him, then upon her death, he gave all the rest and residue of his estate in trust to certain trustees named,

directing that they and their successors should be a corporation and should hold the property for the purpose of creating and maintaining a public library and one or more public parks, pursuant to the provisions of chapter 160 of the Laws of 1890, as amended (now article 7 of the General Municipal Law). The 10th paragraph of the will provided as follows: " I intend to legally dispose of all my estate whatever by this instrument; and, to be more certain of doing so, I hereby provide and will that if any devise or bequest hereinbefore contained for any cause or reason is or shall be held to be unlawful, invalid or void, then in any and every such case or cases I hereby give, devise and bequeath any and all the property and estate whatever as to which the hereinbefore devise or bequest, or any part of any such devise or bequest, is or shall be held to be unlawful, invalid or void," to the trustees heretofore mentioned " not as trustees nor as tenants in common, but to them as individuals, and absolutely and jointly and as joint tenants, and to be held by them in joint tenancy."

*Held*, that since the wife survived the testator, the trust was void as to one-half of his estate under section 7 of chapter 160 of the Laws of 1890 (now section 146 of the General Municipal Law), and that such one-half passed to the trustees individually and absolutely under the 10th paragraph of the will.

Evidence examined, and *held*, in sufficient to establish a secret trust in the persons named in paragraph 10 of the will.

APPEAL by the plaintiff, Henry Crandall Durkee, and the defendant, Anna M. Lawler, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of Warren on the 8th day of May, 1915, dismissing the complaint upon the decision of the court, the jury having been dismissed by consent at the close of the case.

This is an action by one of the heirs at law of Henry Crandall, deceased, to have adjudged unlawful certain provisions of the will and testament of said deceased and to procure a distribution of his estate or a portion thereof as in cases of intestacy.

Beecher S. Clother (Edward M. Angell, Salisbury & Rowe and James McPhillips of counsel), for the appellants.

Louis M. Brown (J. A. Kellogg of counsel), for the respondents.

COCHRANE, J. — Henry Crandall, a resident of Glens Falls, N. Y., died on the 19th day of February, 1913, leaving a last will and testament executed December 30, 1902, and two codicils thereto executed respectively December 10, 1903, and May 24, 1911, which will and codicils have been duly admitted to probate. He left a widow surviving him who has since died, but no descendants.

By the 1st paragraph of his will the testator directed the payment of his debts. By the 2d paragraph he gave to his wife in case she survived him the use of all the rest and residue of his estate for her life. By the 3d paragraph he gave all of the rest and residue of his estate in case his wife did not survive him and in case she did survive him then upon her death to Louis M. Brown, Orville C. Smith, Russell A. Little, William A. Wait and Sherman Williams, as trustees, and to their successors in trust. The 4th paragraph provided that such trustees and their successors should be a corporation under the name of " The Crandall Trust " and that they should take and hold the rest and residue of his property as a corporation for the purpose of creating, continuing, enlarging, improving and maintaining a public library and one or more public parks in Glens Falls under and pursuant to the provisions of chapter 160 of the Laws of 1890, as amended by chapter 25 of the Laws of 1892 and chapters 53 of the Laws of 1896 (said statute being now article 7 of the General Municipal Law [Consol. Laws, ch. 24; Laws of 1909, ch. 29], as amd. by Laws of 1910, ch. 163). The said 4th paragraph and the 5th, 6th, 7th, 8th and 9th paragraphs of the will gave minute and detailed instructions to the trustees concerning the said " Crandall Trust " and the duties of the trustees in reference thereto.

The 10th paragraph of the will was as follows: " *Tenth.* I intend to legally dispose of all my estate whatever by this instrument; and, to be more certain of doing so, I hereby provide and will that if any devise or bequest hereinbefore con-

tained for any cause or reason is or shall be held to be unlawful, invalid or void, then in any and every such case or cases I hereby give, devise and bequeath any and all the property and estate whatever as to which the hereinbefore devise or bequest, or any part of any such devise or bequest, is or shall be held to be unlawful, invalid or void to said Louis M. Brown, Orville C. Smith, Russell A. Little, William A. Wait and Sherman Williams, not as trustees nor as tenants in common, but to them as individuals, and absolutely and jointly and as joint tenants, and to be held by them in joint tenancy." The 11th and last paragraph of the will nominated an executor thereof. The provisions of the codicils have no bearing on the questions here involved.

Section 7 of chapter 160 of the Laws of 1890, as in force at the time of the execution of said last will and testament (now section 146 of the General Municipal Law), provided as follows: "This act shall not be construed or held to authorize any devise or bequest whatever, unless the will was executed at least two months before the decease of the testator or testatrix, nor of more than one-half of the estate of the testator or testatrix over and above the payment of debts, liabilities and expenses, in case he or she shall leave a husband, wife, child, or parent him or her surviving."

It was undoubtedly because of this last-mentioned statutory provision that the testator inserted in his will the 10th paragraph above set forth. The trial justice held the trust void as to one-half of the testator's estate by reason of the survival of his wife, but also held that such one-half of the estate, void so far as the trust is concerned, passed to the trustees individually and absolutely under the 10th paragraph of the will. (See 90 Misc. Rep. 92.) The appellants claim that there was an agreement between the testator and the beneficiaries under the 10th paragraph of his will that notwithstanding under said 10th paragraph some of the property might in form come to them absolutely they would nevertheless devote it to the purposes of the trust in

accordance with the previous paragraphs of the will, and that such agreement constituted a secret and void trust in defiance of the statute and that one-half of the estate should, therefore, pass to the heirs and next of kin of the deceased as in a case of intestacy. If there was a secret trust of the character indicated it was void and the plaintiff's contention is well founded. But the question in the case is whether such a trust or secret agreement has been established.

In Matter of Keleman (126 N. Y. 73) the testatrix by her will made unlawful bequests to certain charitable institutions. Four days after the date of the will she made a codicil thereto as follows: "Doubts having arisen as to the validity of the bequests made for charitable purposes in my said will, I hereby modify said will dated February 18, 1889, by making my friend Townsend Wandell my residuary legatee and devisee, and hereby request him to carry into effect my wishes with respect thereto, but this is not to be construed into an absolute direction on my part, but merely my desire." She died within a month thereafter. The court said: "It is very evident that the decedent did not intend to die intestate as to any part of her estate. By her will she devised and bequeathed any residue of her estate to one of the selected charities, and the purpose of the codicil was to carry that residue certainly and absolutely to Wandell, leaving him in that event to deal with the charities as he pleased. It is true that the expression of a wish or a desire may sometimes serve to found a trust or effect a charge, but such expressions are by no means conclusive. We must still examine the will to discover the testamentary intention. (Phillips v. Phillips, 112 N. Y. 205.) In the present case the testatrix expressly guards against a mistaken interpretation. She says that the expression of her wish is not to be construed as an absolute direction; by which she evidently means, that while she desires that her residuary legatee shall deal with the charities as she would have been glad to, yet she does not mean to fetter his ownership or qualify his right. She

leaves him absolute owner, and free to do as he shall choose.
She puts upon him no obligation, legal or equitable, but con-
tents herself with the bare expression of a wish which she hopes
will influence his free agency.    And so the bequest was abso-
lute, and, therefore, valid on the face of the will."

In Fairchild v. Edson; Edson v. Bartow (154 N. Y. 199)
the testatrix executed her will and three codicils thereto and
died, all during the same month.    The clause of the will under
consideration, as modified by one of the codicils, was as follows:
" If for any reason any legacy or legacies left by my will or by
any codicil, either pecuniary or residuary, shall lapse or fail, or
for any cause not take effect either in whole or in part, I give
and bequeath the amount which shall lapse, fail or not take effect
absolutely to the persons named as my executors.    In the use
of the same I am satisfied that they will follow what they believe
to be my wishes.    I impose upon them, however, no conditions,
leaving the same to them personally and absolutely, and without
limitation or restriction."    It was held on the authority of the
Keleman case that the will created no trust upon its face.

Those cases are authorities for two propositions as bearing on
the present case.    *First,* that the expression of a desire or
wish by the testator that his legatees shall make a certain use
of their legacies absolute in form is insufficient and creates no
obligation on their part to do so nor does it establish a trust so
long as they are left free to do as they please and no conditions
or instructions are attached to the bequest.    *Second,* that the
will of Mr. Crandall, on its face, creates no secret trust.    The
will before us, on its face, is not as strong for the appellants as
in the cases cited.    There is no request made of the beneficia-
ries named in the 10th paragraph " to carry into effect " the
wishes of the testator as was positively made in the Keleman
case nor any such statement by the testator as in the Fairchild
case as follows:  " I am satisfied that they will follow what they
believe to be my wishes."    Undoubtedly it was his desire that
his entire estate should go to the " Crandall Trust."    It is im-

possible to read the will without drawing that inference. That was his preference and his wish. But he carefully avoided using any language directly expressing that desire and so the language of this will is not as strong or favorable as creating a secret trust as was the language of the wills in the cases cited.

It is claimed, however, that the evidence *dehors* the will itself establishes a secret trust. It is undoubtedly true that if there was any direction outside the will from Mr. Crandall to the persons named in the 10th paragraph to the effect that they were to use their legacies, not for their individual benefit, but for the purpose of carrying out the trust provisions of his will, or if there was any communication between them to that effect, they would be bound thereby even by their silence and acquiescence and should be deemed trustees of a void trust.

In Edson v. Bartow (*supra*) certain facts extrinsic to the will itself were deemed sufficient to establish a secret trust. Such facts are stated at page 218 as follows: "That Mr. Parsons was and long had been the legal advisers of the testatrix; that the will and codicils were prepared under his supervision; that he attended to the execution of this second codicil within forty-eight hours of his client's death with more than usual care, reading it to the testatrix and stopping at the end of each clause until she nodded assent; that shortly after her death the residuary legatees met at Mr. Parsons' office and joined in a deed of gift, with the approval of Rev. Dr. Huntington, which provided, among other things, for the payment of legacies to all the corporations named in the will and codicils that had lapsed for any cause; that Dr. Huntington testified that he paid regard to what he understood to be the wishes of Miss Edson, and learned what they were from the executors." On such state of facts the court stated at page 217 that conflicting inferences might be drawn, and the Appellate Division stated (Edson v. Bartow, 10 App. Div. 113): "The evidence, so far as Mr. Parsons is concerned, is not great in amount to be sure. But reading between the lines and drawing such fair inferences

as we are compelled to draw from the surrounding circum-
stances and from subsequent acts, we must conclude from all
the facts that when this will was executed he did have an under-
standing with Miss Edson as to her wishes with regard to this
property, and that in making a disposition of her estate she
relied upon his tacit consent to be governed by her wishes
previously expressed." It is evident that the case cited was
regarded as very close on the facts both by the Appellate Divi-
sion and the Court of Appeals and that inferences might have
been drawn either way as to the existence of a secret trust which
would have been deemed satisfactory by the court of last resort.

The evidence in the Edson case (*supra*), I think, was much
stronger in favor of a secret trust than in the present case. It
does not appear who drew Mr. Crandall's will. He did not
know when he executed it whether or not its trust provisions
would be obnoxious to the statute because that would depend
upon whether or not his wife survived him. He lived ten years
after its execution. Mr. Brown, one of the trustees and one
of the persons named in the 10th paragraph, is an attorney at
law and drew the first codicil about a year after the execution
of the will. The contents of the codicil have no bearing on this
question. He had in his possession at that time the will and
was familiar with its contents and either at that time or at
some other time Mr. Crandall asked him if he knew of any
way in which the provisions of the will could be improved.
That is all the evidence there is tending to establish a secret trust.
Mr. Brown testified that there was no conversation about the
10th paragraph of the will nor as to what should be done with
the property provided it came to him and the other trustees as
individuals and that at no time was he given instructions what
he should do with it under those circumstances.

On such evidence the trial justice has resolved all inferences
in favor of the respondents and has found as a matter of fact
that there was no understanding express or implied between
Mr. Crandall and any of the individuals named in the 10th

paragraph that they would devote to the trust purposes of the will any of the property if it should come to them individually and that " no wish, intention or expectation which said Henry Crandall may have entertained with respect to the ultimate use or disposition of any property which the devisees named in said ' Tenth ' paragraph might become entitled to receive there-under was ever communicated by him to said devisees or any of them, except as such wish, intention or expectation appears on the face of said will, and came to · the knowledge of the said devisees or one of them by an inspection thereof and not other-wise." It cannot be said that these findings are against the weight of evidence, and if they stand, as I think they must, they are conclusive against the appellants. · The difficulty with the plaintiff's case is that there is no evidence of any instruc-tions by the testator to the persons named in the 10th paragraph that they were to use the property for the purposes of the trust provided it· came to them individually, nor of any communica-tion passing between him and them on that subject.

The cases of Matter of O'Hara (95 N. Y. 403), much relied on by the appellants, and Amherst College v. Ritch (151 N. Y. 282) are clearly distinguishable from the present case. In both of those cases letters of instruction or written memoranda were delivered simultaneously with the wills creating duties and obli-gations inconsistent with the absolute ownership of the legacies created by the wills.

The fact that the beneficiaries of the 10th paragraph of the will are made joint tenants rather than tenants in common is of no significance except as it may indicate more clearly a wish or desire on the part of the testator to have them devote his property to the purposes of the trust. It may be that by creating a joint tenancy the testator though he was ·facilitat-ing somewhat the accomplishment of his hopes and in con-nection with other facts that fact might be a circumstance of some strength. But it is impossible to deduce from that circum-

stance alone the existence of an agreement not to treat the 10th paragraph of the will as an absolute disposition of property.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.