(Surrogate's Court, Queens County. September, 1902.)

**1. WILL—INSUFFICIENT EXECUTION—REPUBLICATION.**
　　Where a will is not signed by testatrix at the end thereof, but certain codicils referring to the will and reaffirming it are duly executed, the will is thereby republished, and the codicils and the original will are the will of the testatrix.

In the matter of the probate of the last will and testament of Mary Anne Douglass, deceased. Decree of probate entered.

Ed. J. Knauer, for proponent.
Lucius N. Manley, for public administrator, contestant.
Philip Frank, special guardian.

NOBLE, S. Mary Anne Douglass died at Long Island City on the 6th day of January, 1902, leaving a last will and testament, supplemented by two codicils. She left her surviving no next of kin. On that account the public administrator was cited to appear as a necessary party.

On the return day of the citation, the public administrator appeared and filed objections. The principal objection, and the only one pressed, is that the instrument offered for probate as the last will and testament of the decedent is not executed in conformity with the provisions of the statute, and that it is not signed and executed at the end thereof as required by statute.

An examination of the instrument shows: That it is a full cap sheet, folded across the middle, from left to right, so as to make two leaves of four pages, with a manilla paper back attached. Upon the first page, at the top, is printed the formal beginning of a will, and upon the lower half of the second page is printed the formal part of the ending of a will and the attestation clause. The third and fourth pages and the manilla cover were originally blank. Upon the first page is written, at the top, "Page No. 1," and the name and residence of the alleged testatrix, and certain other written matter purporting to be clauses of a will, which clauses are numbered from "First" to "Twelfth," inclusive; then follows the writing "continued on page numbered 2." Upon the top of the following page is written, "Continued from page No. 2," and then this page is numbered, "Page No. 3"; then another clause is written numbered "Twentieth"; then follows a clause which purports to appoint "Henry C. Johnson,

Jr., and William F. Coffee, of Long Island City, N. Y.," to be executors, combined with a revocation of all former wills, and expressing a desire that they (the executors) shall not be required to give security for the faithful performance of their duty as such executors; then follows, on the same page, the formal ending of a will, with date written in, and the signature of "Mary Anne Douglass" (the alleged testatrix), and the signatures of Edward T. Stivers and John M. Tier, witnesses; then follows the attestation clause, signed by the said Stivers and Tier, and their respective addresses. Upon the third page of the paper, at the top, is written "Continued from Page No. 1," and then this page is numbered "Page No. 2"; then follow what purport to be clauses numbered "Thirteenth" to "Nineteenth," inclusive; then follows, at the bottom of the page, in writing, "Continued on page numbered 3." Upon the top of the fourth page of the paper is written, "Codicil number one," and then follows the writing purporting to be a codicil, with signature of the alleged testatrix, and attestation clause and signatures of witnesses. At the bottom of this page is written "Codicil number two," and then follows the writing purporting to be a codicil, which writing is continued to bottom edge of this page, and carried over to the first page of the manilla back, on which it concludes with the signature of the alleged testatrix, by her mark, signatures of the witnesses, attestation clause, and signatures and addresses of witnesses. There is no question as to the proper execution of both codicils. It is conceded that they are executed in conformity with the provisions of the statute.

If the instrument purporting to be the will stood alone, unsupported by the codicils, I should have no hesitancy in denying it probate as being invalid and void as a testamentary disposition, for the reason that it is not signed and executed as provided by statute under the interpretation of the court of appeals in a number of cases, all of which are particularly emphasized in Re Andrews' Will, 162 N. Y. 1, 56 N. E. 529, 48 L. R. A. 662, 76 Am. St. Rep. 294. But the codicils to this instrument put an aspect on this case which distinguishes it from all the cases commented upon in the Andrews Case, and also distinguishes it from that case. In the earlier cases the rule is declared that where the codicil distinctly refers to and identifies the will, and reaffirms the same, the will and codicil together constitute the will of the testator, and that the provisions of the former may be treated as embodied in the latter, and both may be treated as if executed and published at the same time. Brown v. Clark, 77 N. Y. 369. In this case, Andrews, J., delivering the opinion of the court, on page 377, says:

"It is established by a long line of authorities that any written testamentary document in existence at the execution of a will may, by reference, be incorporated into and become a part of the will, provided the reference in the will is distinct, and clearly identifies, or renders capable of identification, by the aid of extrinsic proof, the document to which reference is made."

He then cites a number of cases in which the doctrine of incorporation is maintained. Following the citations, he quotes the following from Williams, Ex'rs, p. 97:

"If a testator in a will or codicil or other testamentary paper duly executed refers to an existing unattested will or other paper, the instrument so referred to becomes part of the will."

Further quoting, and from 1 Jarm. Wills, p. 78:

"A codicil duly attested communicates the efficacy of its attestation to an unattested will or previous codicil so as to render effectual any devise of a freehold estate which may be contained in such prior unattested instrument."

This undoubtedly was the rule at common law, and is the rule in all states where the common law prevails. The question remains, has this rule been abrogated by statutory enactment, and under the interpretation of our wills law by our court of appeals? A careful examination of the reports discloses no case in point, but, in a number of cases interpreting the provisions of our statute as to the requirements of execution, etc.,—but in no individual case distinctly bearing upon those raised herein,—dissenting opinions endeavored to save testamentary dispositions by invoking the doctrine of incorporation. In none of those cases, however, do I find that any of those wills were supplemented by properly executed codicils. The doctrine of incorporation of extraneous documents is asserted in Caulfield v. Sullivan, 85 N. Y. 153, and nowhere in the reported cases has this rule been abrogated. This ancient rule seems to have been followed by the surrogate of Westchester county in Re Storm's Will, 3 Redf. Sur. 327. Being impressed considerably by the statement of Judge Goodrich, in his dissenting opinion in the Andrews Case, 43 App. Div. 394, 60 N. Y. Supp. 141,—that "courts are not astute to defeat testamentary intentions; indeed, they are astute to discover methods of supporting them,"—I feel that in the absence of statutory enactment or clear judicial interpretation of the present statute of wills, abrogating the common-law rule of interpretation, or the ancient rule that a properly executed codicil communicates the efficacy of its attestation to an unattested will or previous codicil, it is proper that the will and codicils thereto of Mary Anne Douglass be allowed probate as her last will and testament, valid to pass personal property.

The objections of the public administrator are dismissed. Let a decree be entered accordingly.

Decreed accordingly.