(41 Misc. Rep. 13.)

### JAY v. LEE et al.

(Supreme Court, Special Term, Kings County. June, 1903.)

1. WILL—BEQUEST IN TRUST—VALIDITY.

 A will bequeathed the wearing apparel and personal effects of testator to two persons, "in trust, to distribute and make over the same to the persons whom I have indicated to them in my lifetime." *Held*, not void, in that it did not designate the beneficiaries.

2. SAME—EVIDENCE AS TO BENEFICIARIES.

 Evidence dehors the will may be resorted to to identify the beneficiaries designated by the will.

3. SAME—DIVISION PER CAPITA.

 By a clause in a will the residuary, consisting of personalty, was left to testatrix's husband for life; then four-sixteenths thereof to each of her two female cousins for life, remainder to their respective issue, and, in case either of said legatees should die without issue, then her share to revert to the issue of the other; and two-sixteenths thereof to each of four other cousins for life, remainder to their issue, and, if any legatee should die without issue, then the share to revert to the issue of the others. The husband of one of these four legatees died before the testatrix, without issue. *Held*, that the division was to be per capita, and not per stirpes.

Action by William Jay, executor of Katherine R. Field, against Lucy E. Lee and others, to construe a will. Judgment rendered.

Flamen B. Chandler, for plaintiff.

Howard C. Sherwood, Douglas Campbell, William Walker, Robert McM. Gillespie, Allen Wardwell, and John L. Coe, for different defendants.

GAYNOR, J. The second codicil, which supersedes the second clause, and the first part of the seventh clause, of the will, gives and bequeaths the wearing apparel and personal effects, and the household goods and chattels, of the testator, to two persons, "in trust, to distribute and make over the same to the persons whom I have indicated to them during my lifetime."

This is not a case of a secret trust, and the decisions that evidence dehors, oral or written, will be received to show the existence of such a trust in a legatee, notwithstanding an absolute bequest of the property to him by the terms of the will, in order to carry out the trust, if it be lawful, or to send the property to the residuary under the will, or to the next of kin, if it be unlawful, are inapplicable. Matter of O'Hara, 95 N. Y. 403, 47 Am. Rep. 53; Amherst College v. Ritch, 151 N. Y. 282, 45 N. E. 876, 37 L. R. A. 305. The trust here is not secret, but expressed in the will, and the question is whether it is void for indefiniteness.

I think the trust is valid. It is not void for indefiniteness, in that it does not designate the beneficiaries. It is not necessary that the beneficiaries be named in the will; it suffices that they are so designated that they are ascertainable. Holland v. Alcock, 108 N. Y. 312, 16 N. E. 305, 2 Am. St. Rep. 420; People v. Powers, 147 N. Y. 104, 41 N. E. 432, 35 L. R. A. 502; Fairchild v. Edson, 154 N. Y. 199, 48 N. E. 541, 61 Am. St. Rep. 609. The designation here is of persons whose names the testator had given to the trustees before making her will. So long as the fact exists that she gave them the names, it does not matter whether it was done orally or in writing. Nor does it matter that the selected beneficiaries were not informed of their selection before the testator's death. Though not so informed, they were nevertheless designated, and known to the trustees. It may be true that the trustees could conceal the fact, and defeat the trust; but that is altogether a different matter; the fact of the trust exists, nevertheless. The law does not declare such a trust void on the possibility that the trustees will thus wrongfully defeat it; on the contrary, the law presumes that the trustees will do their duty, and declare the trust to the beneficiaries.

A test of whether the trust is void for indefiniteness is whether this court could carry it out if the trustees had died. There is no reason why it could not. There might or might not be difficulty in such case in ascertaining the designated beneficiaries. If the evidence showing who they are could be found, the trust would be carried out by the court; if it could not be found, the trust would fail. But this, again, is only a matter of practical difficulty, which is incident to all things; it does not bear on the question of whether the will itself designates the beneficiaries. That the evidence which once existed, and made them ascertainable, has been lost, would only prevent the carrying out of the trust; it would not make it a void trust ab initio.

There seems to be no doubt that evidence dehors the will may be resorted to to identify the beneficiaries designated by the will. It is true that a bequest can only be made by a will. But the bequest here is made by the will, i. e., to the trustees. The evidence dehors is not to make a bequest, but to ascertain and identify the beneficiaries designated by the trust clause of the will. If this testator had written the names of beneficiaries on a piece of paper, and deposited it in a strong box, and then said in her will that these trustees should distribute this property among the persons on such list, the case would be no different to the present one. The designated beneficiaries being ascertainable, the trust would be valid.

It follows that the executor must, in due course of administration, hand over to the trustees the property mentioned in the second codicil, if it be not required for the payment of debts. That he has the right to administer upon it is, I suppose, without doubt.

It seems to me that the life share of Rachel T. Whitehead, deceased, must go per capita and not per stirpes to the remaindermen. By the seventh clause of the will the residuary (consisting of personalty only) is left to the testator's husband for life, then four-sixteenths thereof to each of two female cousins of the testator for life, remainder to their respective issue, "and in case either of said legatees shall die without issue, then the share of such legatee shall revert to the issue of the other"; and two-sixteenths thereof to each of four other female cousins for life, remainder to her issue, and in case any legatee "die without issue, then the share of such legatee shall revert to the issue of the others or other." The husband and one of these four cousins (Rachel T. Whitehead) died before the testator, the latter without issue. The question is whether her life share goes in remainder to the issue of the other three cousins per stirpes or per capita. The remainder is left to one class, i. e., to the "issue" of the surviving cousins. The rule in such case is that the division is to be per capita, unless the will as a whole discloses a contrary intention (Collins v. Hoxie, 9 Paige, 81; Bisson v. W. S. R. R. Co., 143 N. Y. 125, 38 N. E. 104; Bodine v. Brown, 12 App. Div. 335, 42 N. Y. Supp. 202); and it does not seem to me that this will does. The word "revert" has no technical meaning to seize hold of to displace the rule.

The will does not create a trust of the residuary. After setting aside a sum ample to pay the annuity secured to Susan Goodrich by the eighth clause, the life legatees may therefore have their shares on giving sufficient security. Tyson v. Blake, 22 N. Y. 558; Livingston v. Murray, 68 N. Y. 485; Matter of McDougall, 141 N. Y. 21, 35 N. E. 961.

Judgment accordingly.