REYNOLDS et al. v. REYNOLDS et al.

(Supreme Court, Appellate Division, Second Department.    April 9, 1915.)

1. WILLS ⬦489, 676—TRUST BY IMPLICATION—VALIDITY—PAROL EVIDENCE.
    Where a testator bequeathed property in trust, to be paid out according to directions given the trustee, which were not contained in the will, an enforceable constructive trust was created; and parol evidence was admissible to establish the beneficiaries, who were not mentioned, even though a will cannot be aided by parol evidence, or a written instrument not of probative character.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1037–1046, 1591, 1592; Dec. Dig. ⬦489, 676.

2. JUDGMENT ⬦585—CONCLUSIVENESS—MATTERS CONCLUDED.
    A judgment of the surrogate, who construed a will under Code Civ. Proc. § 2624, that a particular subdivision was void, is not a bar to a subsequent suit to enforce a valid constructive trust created by that subdivision; the surrogate being without equity powers.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1084, 1085, 1092–1095; Dec. Dig. ⬦585.]

Appeal from Special Term, Kings County.

Action by Bridget Reynolds and another against John Reynolds, as executor, and others. From the judgment, certain defendants appeal. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and RICH, JJ.

M. J. Egan and L. J. Morrison, both of New York City, for appellants.

Henry F. Cochrane, of Brooklyn, for respondents.

RICH, J.    The defendants, with the exception of John Reynolds, appeal from a judgment of the Special Term in favor of the plaintiffs, in an action brought to impress a trust upon personal property, under the provisions of the sixth paragraph of the will of Rev. John McGuire, deceased, by which such property was bequeathed to his executor, the defendant Reynolds, in the following language:

"Item Sixth: I do hereby give and bequeath to my said executor all of the personal property which I may die possessed and which I may own at the time of my death in trust, however, and for the purposes of paying out and disposing of same as I have advised and directed him to do giving him full power and authority as my executor to fully sign, execute and deliver any and all releases satisfactions of mortgages and other papers necessary for the full carrying out of the directions so given and to be of full power and effect as though I was personally present and to acknowledge any and all necessary papers in the matter of carrying out the trust reposed in him."

The learned trial court has found, and the evidence is sufficient to sustain his findings:

"IV. That about two weeks prior to his death, the said John McGuire stated and declared to the said John Reynolds that he was desirous of making a will.

"V. That at various times thereafter the said John McGuire stated and declared that he intended to make a will, and further stated and represented to the said John Reynolds that he had a large amount of personal property that he desired to dispose of in a certain manner.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"VI. That thereafter, and prior to the execution of his will, the said John McGuire stated and represented to the said John Reynolds that the disposition which he desired to make of his personal property was to give the same in equal shares to his sisters, Bridget Reynolds and Mary Morris; and he further stated and represented to the said John Reynolds that, if he would undertake to dispose of the said personal property in equal shares between the said Bridget Reynolds and Mary Morris, he would make a will, by the terms of which he would leave the said personal estate to the said John Reynolds in trust, to pay out the same according to the directions which he had given to him, to divide the same equally between the said Bridget Reynolds and Mary Morris.

"VII. That the said John Reynolds promised and agreed to and with the said John McGuire that if he, the said John McGuire, would make such a will that he would carry out the directions of the said John McGuire, and pay out and dispose of the property bequeathed to him in equal shares between the said Bridget Reynolds and Mary Morris.

"VIII. That thereafter, and after the making of the said promise and agreement by the said John Reynolds, and in reliance thereon, the said John McGuire on the 29th day of April, 1912, made and executed his will in writing, wherein and whereby he appointed said John Reynolds his executor and trustee, and bequeathed him all of his personal property in trust, to be paid out and disposed of by him according to directions given the said John Reynolds by the said John McGuire to divide the same equally between the said Bridget Reynolds and Mary Morris.

"IX. That thereafter the plaintiffs duly demanded that the said John Reynolds carry out and perform his promise and agreement made to and with the said John McGuire to pay out and distribute the personal property of the said John McGuire to the plaintiffs in equal shares, which demand has been refused by the said John Reynolds."

No exceptions to the findings were filed by the appellants. The plaintiffs are sisters of the decedent, residing in Ireland, and are the sisters to whom he referred in his conversations with Reynolds. In addition to these sisters, the testator left him surviving, as his heirs at law and next of kin, Thomas McGuire, a brother, since deceased, the defendants Margaret Shearan, a sister, and Elizabeth Rowe, Thomas McGuire, John McGuire, and Philip McGuire, children of a deceased brother, Patrick McGuire. The defendant Ellen McGuire is the administratrix of the deceased, Thomas McGuire, and upon her appointment was duly substituted as a party defendant in his place. Of his brother Thomas and his sister Margaret Shearan, the deceased while planning the disposition of his property said, "No; I won't acknowledge them at all." Mr. Olwell, the lawyer who prepared the will, took it to the house, and in the presence of Reynolds read it to the testator. When he read the sixth clause, he asked who was the beneficiary, and the deceased replied, pointing to Reynolds, "He knows. He will carry out my instructions; he will do it." Reynolds does not appeal.

[1] It is contended that the case at bar is controlled by the rule that a testamentary disposition which is so indefinite that the intention of the testator cannot be ascertained from the language of the instrument is void, and cannot be made valid by any oral testimony, or by any written instrument which is not of a probative character, and that for that reason the trust in the will under consideration fails, and as to the property included in the sixth subdivision of the will the deceased died intestate. The answer to this contention is that the trust created by the will is constructive, arising by implication of law,

to carry into effect the expressed intention of the testator and promise of the legatee, which induced the making of the will, and equity will intervene, even in the absence of fraud, when it is necessary to carry out and effectuate the intention of the testator. Jay v. Lee, 41 Misc. Rep. 13, 83 N. Y. Supp. 579; Amherst College v. Ritch, 151 N. Y. 282, 45 N. E. 876, 37 L. R. A. 305; Matter of Will of O'Hara, 95 N. Y. 403, 47 Am. Rep. 53, which recognized the rule, but denied its enforcement, because the trust attempted to be created violated the statute against perpetuity; Ahrens v. Jones, 169 N. Y. 555, 561, 62 N. E. 666, 88 Am. St. Rep. 620; Rutherfurd v. Carpenter, 134 App. Div. 881, 888, 119 N. Y. Supp. 790; Golland v. Golland, 84 Misc. Rep. 299, 147 N. Y. Supp. 263; Erdman v. Meyer, 52 Misc. Rep. 256, 102 N. Y. Supp. 197.

The trust is perfect and complete, with the exception that it does not name the beneficiaries. This does not invalidate the trust. As was said in Jay v. Lee, supra:

"The designation here is of persons whose names the testator had given to the trustees before making her will. So long as the fact exists that she gave them the names, it does not matter whether it was done orally or in writing. * * * There seems to be no doubt that evidence dehors the will may be resorted to to identify the beneficiaries designated by the will. It is true that a bequest can only be made by a will. But the bequest here is made by the will; i. e., to the trustees. The evidence dehors is not to make a bequest, but to ascertain and identify the beneficiaries designated by the trust clause of the will."

This rule of law is supported by decisions in many other jurisdictions, among others the following: Curdy v. Berton, 79 Cal. 420, 21 Pac. 858, 5 L. R. A. 189, 12 Am. St. Rep. 157; In re Fleetwood and Sidgreaves v. Brewer, L. R. 15 Chan. Div. 594; Pring v. Pring, 2 Vern. 99; Matter of Spencer's Will, 57 L. T. (N. S.) 519; Podmore v. Gunning, 7 Sim. 644; Attorney General v. Dillon, 13 Ir. Ch. Rep. 127; Irvine v. Sullivan, L. R. 8 Eq. 673.

Evidence dehors the will was competent to establish that the plaintiffs were the beneficiaries named and intended by the testator as the recipients of his bounty, and, this being so, the trust is valid and enforceable in equity. The cases cited by the appellants to sustain their contention upon this point differ in their material facts from those presented by the case at bar, and are not authorities which apply to or control the disposition of this appeal.

[2] The will was construed by the surrogate under the provisions of section 2624 of the Code of Civil Procedure when offered for probate, all of the heirs and next of kin having been cited, and its sixth subdivision was decreed void, and it was decided that as to the personal property included in that subdivision the testator died intestate, and the same should be distributed under and in accordance with the provisions of the statute of distribution. It is now contended that such adjudication is conclusive upon the plaintiffs and res adjudicata upon the issues of fact and questions of law presented by this action. The court at Special Term overruled this contention upon the authority of Fairchild v. Edson, 154 N. Y. 199, 48 N. E. 541, 61 Am. St. Rep. 609, and he was clearly right.

This is not an action to construe the will, but one to declare and enforce a trust created by it. The will is not assailed. The question presented now was not presented to the learned surrogate, who at the time of the probate was without equitable jurisdiction. The only questions within his jurisdiction were the testamentary capacity of the deceased and undue or improper influences exerted over and upon him. While it is true that, as an incident of the probate, he could construe any part of the will if the parties so desired, his consideration was limited by statute and did not include equitable operation. The distinction between the questions raised in the two classes of cases is considered and explained in Edson v. Bartow, 10 App. Div. 104, 108, 41 N. Y. Supp. 723, affirmed 154 N. Y. 199, 48 N. E. 541; and in Matter of Keleman, 126 N. Y. 73, 26 N. E. 968; In Matter of O'Hara, supra, the question was whether an adjudication by a surrogate admitting a will to probate and decreeing its provisions valid was a bar to an action to annul the bequest or establish a trust which, failing as to the intended beneficiaries, should benefit those who would otherwise have taken by descent or distribution. The adjudication of the surrogate was that the trust was invalid because of its violation of the statute suspending the power of alienation.

As I have said, no exceptions were filed, and the exceptions taken on the trial are not argued. I have considered them, however, and find no prejudicial errors. I advise, therefore, that the judgment be affirmed, with costs.

Judgment affirmed, with costs. All concur, except STAPLETON, J., not voting.