BRIDGET REYNOLDS et al., Respondents, *v.* JOHN REYNOLDS, Individually and as Executor of JOHN McGUIRE, Deceased, Defendant, and MARGARET SHEARAN et al., Appellants.

**Wills — testamentary trust — gift of personal property to an executor to pay to persons unnamed in the will, as orally directed by testator, invalid and ineffectual.**

1. Wills must be executed in conformity with statutory formalities, and are not to be enlarged or diminished by reference to extrinsic testimony which may not be authentic. The existence of a valid trust capable of enforcement is essential to enable one, claiming to hold as trustee, to withhold the property from the legal representatives of the alleged donor.

2. Where testator gave his personal property to his executor " in trust, however, and for the purposes of paying out and disposing of same as I have advised and directed him to do," the total failure of testator to designate the beneficiaries of the trust in the will makes it, to that extent, an unwritten will ineffectual for any purpose. (Decedent Estate Law [Cons. Laws, ch. 13], § 16.)

3. Where an action was brought to impress such trust for the benefit of testator's sisters, it was error for the courts below to hold that the trust is valid, upon the evidence of the executor, named in the will, that prior to the execution thereof testator told him that the disposition he desired to make of his personal property was to give the same in equal shares to the plaintiffs, and that the will was executed on the promise of the executor to pay out the same in accordance with such directions. (*Matter of O'Hara*, 95 N. Y. 403; *Amherst College* v. *Ritch*, 151 N. Y. 282, distinguished.)

*Reynolds* v. *Reynolds*, 167 App. Div. 90, reversed.

(Argued November 1, 1918; decided November 12, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered. November 18, 1915, affirming a judgment in favor of plaintiffs entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. J. Morrison* and *Michael J. Eagan* for appellants. The adjudication of the Surrogate's Court was conclusive, and hence the testimony of the alleged agreement antedating the execution of the will was improperly admitted. (*Fairchild* v. *Edson,* 154 N. Y. 199; *Dudley* v. *O'Hara,* 95 N. Y. 403; *Amherst College* v. *Ritch,* 151 N. Y. 282; *Matter of Koleman,* 126 N. Y. 73; *Wetmore* v. *Parker,* 7 Lans. 121; 52 N. Y. 450; *Post* v. *Mason,* 91 N. Y. 539; *Matter of Hood,* 90 N. Y. 512; *Harrison* v. *Clark,* 87 N. Y. 572.) Assuming that the adjudication of the Surrogate's Court is not a bar to this action and that under the pleadings herein, the Special Term had jurisdiction to decide the issues, nevertheless the judgment must be reversed because the admission of the evi ence of the testator's declarations was error. (*Edison* v. *Barlow,* 154 N. Y. 199; *Gross* v. *Moore,* 68 Hun, 412; 141 N. Y. 559; *Holland* v. *Alcock,* 108 N. Y. 312; *Pritchard* v. *Thompson,* 95 N. Y. 76; *Trunkey* v. *Van Sant,* 176 N. Y. 536; *Dreyer* v. *Reisman,* 202 N. Y. 476; *Sweeney* v. *Warren,* 127 N. Y. 426; *Matter of Keenan,* 107 App. Div. 234; 1 Jarman on Wills [6th ed.], 384; 2 Story Eq. Juris. [8th ed.] § 979; Schouler on Wills [3d ed.], § 56; *Dudley* v. *O'Hara,* 95 N. Y. 403.)

*Henry F. Cochrane* for respondents. The respondents were clearly designed by the decedent to be the beneficiaries of the trust sought to be created in their favor, and with that established the trust must be enforced in equity in their behalf. (*Amherst College* v. *Ritch,* 151

N. Y. 232; *O'Hara* v. *Dudley*, 95 N. Y. 413; *Kenrick* v. *Cole*, 61 Mo. 572.) The trust in suit is a constructive trust, or a trust arising by implication of law to carry into effect the plain intention of the testator, to defeat which would be a fraud upon him and the designed beneficiaries. (*Matter of O'Hara*, 95 N. Y. 413; *Trustees of Amherst College* v. *Ritch*, 151 N. Y. 282; *Curdy* v. *Berton*, 5 L. R. A. 189; *Erdman* v. *Meyer*, 52 Misc. Rep. 256; *Glennon* v. *Harris*, 42 So. Rep. 1003; *Gore* v. *Clark*, 37 S. C. 537; *Ramsdel* v. *Moore*, 153 Ind. 419; *Russell* v. *Jones*, 135 Fed. Rep. 942; *Moran* v. *Moran*, 73 N. W. Rep. 620; *Brown* v. *Lynch*, 1 Paige, 147; *Williams* v. *Fitch*, 18 N. Y. 546; *Wallgrave* v. *Tebbs*, 2 K. & J. 321; *Schultz Appeal*, 80 Penn. St. 405; *Russell* v. *Jackson*, 10 Hare, 204.) A constructive trust is one that is implied in law to effectuate the intention of the donor. It may arise out of an absolute devise or bequest contained in a will, or it may arise where it is partially disclosed on the face of the will, and while fraud may be necessary to invoke the aid of equity in some cases, equity will intervene even in the absence of fraud on the part of the devisee or legatee where it is necessary to carry out the established intention of a testator. (*Gross* v. *Moore*, 68 Hun, 412; *Jay* v. *Lee*, 41 Misc. Rep. 312; *Hodnett's Appeal*, 154 Penn. St. 55; *Erdman* v. *Meyer*, 52 Misc. Rep. 256; *Curdy* v. *Berton*, 5 L. R. A. 189; *Riordan* v. *Banon*, 10 Ir. Eq. 469; *Matter of Sidgreaves* v. *Brewer*, L. R. 15 Ch. Div. 594; *Pring* v. *Pring*, 2 Vern. 99; *Podmore* v. *Gunning*, 7 Sim. 644; *Attorney-General* v. *Dillon*, 13 Ir. Ch. 127.) The decree of the Surrogate's Court admitting the will to probate and construing it according to section 2624 of the Code, is not an adjudication that is a bar to this action. (*Edson* v. *Bartow*, 10 App. Div. 108; 154 N. Y. 199; *Matter of Keleman*, 126 N. Y. 73; *Matter of Keenan*, 107 App. Div. 234; *Matter of O'Hara*, 95 N. Y. 403.)

POUND, J. John McGuire died, leaving a last will and testament which was duly admitted to probate, which contained the following language:

"*Item Sixth.* I do hereby give and bequeath to my said Executor all of the personal property (of) which I may die possessed and which I may own at the time of my death *in trust, however, and for the purposes of paying out and disposing of same as I have advised and directed him to do.*"

This action is brought to impress such trust for the benefit of two of testator's next of kin, his sisters Bridget Reynolds and Mary Morris. The testator left other next of kin who are defendants herein. The courts below have sustained the contention of the plaintiffs upon the evidence of John Reynolds, the executor named in the will, that prior to the execution thereof, testator told him that the disposition he desired to make of his personal property was to give the same in equal shares to them, and that the will was executed on the promise of Reynolds to pay out the same in accordance with such directions.

The question is whether the testamentary provision thus made is valid. Wills must be executed in compliance with statutory formalities, and are not to be enlarged or diminished by reference to extrinsic testimony which may not be authentic. (*Matter of Fowles*, 222 N. Y. 222, 229.) " The existence of a valid trust capable of enforcement is * * * essential to enable one claiming to hold as trustee, to withhold the property from the legal representatives of the alleged donor." (*Holland* v. *Alcock*, 108 N. Y. 312, 324.)

The total failure to designate the beneficiaries of the trust in the will makes it to that extent an unwritten will, ineffectual for any purpose. (Decedent Estate Law [Cons. Laws, ch. 13], § 16.) The death of the executor prior to the establishment of the trust would leave the

court wholly without power to distribute the fund in accordance with testator's wishes. (*Holland* v. *Alcock, supra; Fairchild* v. *Edson,* 154 N. Y. 199; *Gross* v. *Moore,* 68 Hun, 412; affd., 141 N. Y. 559.)

The facts in *Matter of O'Hara* (95 N. Y. 403) and *Amherst College* v. *Ritch* (151 N. Y. 282) and like familiar cases, are different. The wills there considered created no express trust but equity declared a secret trust to exist on the ground of fraud. To sustain this will would be to perpetuate a fraud upon the next of kin, evade the Statute of Wills and defeat the policy of the state. The language of FINCH, J., in *Matter of O'Hara* (*supra,* at p. 422) may readily be paraphrased to apply hereto. Any bequest of this character is dangerous and indefensible. It exposes testators to the suggestion of unnecessary difficulties as inducements to the artifice of a secret and unwritten will. It exposes the trustee to temptation and, even when he acts honestly, to severe and unrelenting criticism. It subserves no good or useful purpose. If we sustain it we admit that any statute may be thus evaded.

Fraud which justifies equitable interference is defined in the *O'Hara* case (p. 414) as " the attempt to take advantage of that which has been done in performance or upon the faith of the agreement while repudiating its obligation under cover of the statute." The alternative is the unjust enrichment of the fraudulent legatee, but fraud does not triumph when this trust is held inoperative. The law prevails over an attempt to defeat its salutary purposes. " Where the bequest is declared upon its face to be upon such trusts as the testator has otherwise signified to the devisee, it is equally clear that the devisee takes no beneficial interest; and, as between him and the beneficiaries intended, there is as much ground for establishing the trust as if the bequest to him were absolute on its face. *But as between the devisee and the heirs or next of kin, the case stands differently.* They are

28

not excluded by the will itself.  The will upon its face showing the devisee takes the legal title only and not the beneficial interest, and the trust not being sufficiently defined by the will to take effect, the equitable interest goes, by way of resulting trust, to the heirs or next of kin, as property of the deceased, not disposed of by his will.  They cannot be deprived of that equitable interest, which accrues to them directly from the deceased, by any conduct of the devisee; *nor by any intention of the deceased, unless signified in those forms which the law makes essential to every testamentary. disposition.*  A trust not sufficiently declared on the face of the will cannot, therefore, be set up by extrinsic evidence to defeat the rights of the heirs at law or next of kin." (*Olliffe* v. *Wells,* 130 Mass. 221, 225, 226; *Sims* v. *Sims,* 94 Va. 580; *Heidenheimer* v. *Bauman,* 84 Tex. 174.)

Cases may be found in other jurisdictions to sustain the position of the respondents (*Matter of Fleetwood,* L. R. 15 Ch. Div. 594, the authority of which is " somewhat reluctantly " recognized; *Matter of Hetley,* 1902, 2 Ch. 866; Jarman on Wills [6th ed.], p. 484; *Curdy* v. *Berton,* 79 Cal. 420; 5 L. R. A. 189, based on an erroneous application of the *O'Hara* case) and reject the suggestion that the doctrine of constructive trusts does not apply where the trust appears on the face of the will and the legatee can in no case take for himself.  GAYNOR, J., in the Special Term case of *Jay* v. *Lee* (41 Misc. Rep. 13) states the reasons clearly.  Although the bequest can be made only by will, the evidence *dehors* is not to make a bequest, but to ascertain and identify the beneficiaries designated in the trust clause of the will; the designated beneficiaries are ascertainable and the trust enforcible although the evidence to identify such designees may be unobtainable; the trust is, therefore, valid and the case distinguishable from *Holland* v. *Alcock* (*supra*) and like cases where no human power could identify the beneficiaries.  The

reasoning is plausible but uncertainty of designation and uncertainty of proof of designation are not far apart. Moreover, if this principle is applied we may incorporate into a written will, not a writing alone, but even oral statements based on the slippery memory of a single witness. The doctrine of incorporation which exists to some extent in this state, may not be invoked to read into the will the recollection of the executor. As CARDOZO, J., says in *Matter of Fowles* (*supra*, p. 232): " The rule against incorporation has not been set aside. It has been kept within bounds which were believed to be wise and just. * * * All that the statute says is that a will must be signed, published and attested in a certain way (Decedent Estate Law, § 21; Consol. Laws, ch. 13). From this the consequence is deduced that the testator's purpose must be gathered from the will, and not from other documents which lack the prescribed marks of authenticity. It is a rule designed as a safeguard against fraud and mistake."

A word may be added as to the effect of the adjudication of the surrogate who, with the parties before him and the issue joined, held that the sixth subdivision of the will was void and that, as to the personal property included therein, the testator died intestate. (Code Civ. Pro. § 2624, as it read prior to L. 1914, ch. 443.) The surrogate had no power to declare and enforce a secret trust created by will. He had power to determine without taking evidence the invalidity of this attempted disposition of property and his decree was conclusive on that point. (*Matter of Keleman,* 126 N. Y. 73.) The question, however, resolves itself into a circle. If the action to establish the trust lies, the decree of the surrogate is not conclusive. (*Edson* v. *Bartow,* 154 N. Y. 199.) As the action will not lie, the decree is conclusive.

The testator seems to have acted in entire good faith and the facts are to be taken as conclusively established,

but the privilege of making a will is dependent upon compliance with the statutory requirements.

The judgment should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, CARDOZO and ANDREWS, JJ., concur.

Judgment reversed, etc.