In the Matter of the Final Judicial Settlement of the Accounts of RALPH E. BARKLEY, as Executor, etc., of ABBIE M. FITCH ANDREWS, Deceased.

BESSIE F. STURTEVANT and Another, Appellants; MAY MARSTON JOHNSON, Respondent.

Third Department, July 1, 1925.

**Wills — construction — devise to nephews and nieces does not include grandniece.**

A devise to nephews and nieces of the testatrix is construed not to include a grandniece.

APPEAL by Bessie F. Sturtevant and another from so much of a decree of the Surrogate's Court of the county of Washington, entered in the office of said Surrogate's Court on the 24th day of December, 1924, as adjudges that May Marston Johnson is entitled to share in the distribution of the estate of Abbie M. Fitch Andrews, deceased, under a residuary clause in the will.

*John R. Watts* [*Ernest H. Wells* of counsel], for the appellants.

*Newton B. Van Derzee* [*Harry Cook* with him on the brief], for the respondent.

VAN KIRK, J.:

The one question presented upon this appeal is the construction of the 4th clause of the will of Abbie M. Fitch Andrews, as follows: " With the exception of my nephew George U. Gates, I give and bequeath all the rest, residue and remainder of all my property and estate to such of my nephews and nieces as survive me, to be divided equally between them share and share alike."   The specific question is, who were meant by the words " nephews and nieces." The surrogate has held that, by these words, the testatrix meant Cortland A. Skinner, a nephew, Bessie F. Sturtevant, his sister, a niece, and May Marston Johnson, a grandniece.   The appellants,

the nephew and niece, contend that May Marston Johnson should not be included as a residuary legatee. In the discussion we need not mention George U. Gates, as he is specifically excepted by this clause of the will. The testatrix left surviving her two lines of relatives: (1) Her sister, Anna F. Skinner, who is the mother of Bessie F. Sturtevant and Cortland A. Skinner; Bessie F. Sturtevant has living three children, Cortland, Julian and Grace; Cortland A. Skinner has living two sons; the children of Mrs. Sturtevant and Mr. Skinner being grandnephews and grandniece of the testatrix; (2) May Marston Johnson, who is a granddaughter of a predeceased sister; her mother is dead and she is the only surviving child of her mother. At the time the will was made the relatives above named were the only known living relatives of the testatrix.

The respondent argues that the word " nieces," being in the plural, must be expanded to include a grandniece, when such is the intention of the testatrix. The bequest in the residuary clause is to a class; the legatees are not named individually. It is argued, because the words " nephews and nieces " are in the plural, testatrix must have had in mind more than one nephew and one niece. It will not be disputed that we have here simply a question of the construction upon these words " nephews and nieces," and that this must depend upon the intent of the testatrix. The words used in a will are usually deemed to have been used in their ordinary sense; but, as stated in *Matter of Logan* (131 N. Y. 456, 460), " there is another canon of testamentary construction, equally well recognized, that when words are descriptive of a class of beneficiaries, their scope and application may depend in a large degree upon the apparent scheme of the will and the signification in which they, or kindred words, are used in it elsewhere. They may be enlarged or restricted as may best comport with the evident intention and purpose of the testator." There is nothing whatever in the scheme of the will, or in the use of any kindred words in the will, indicating that " nephews and nieces " have other than their ordinary meaning. The surrogate has resorted to the evidence of testatrix's intentions as disclosed by statements made by her. The testatrix introduced her grandniece, May Marston Johnson, as her niece. But the fact is, though not mentioned by the surrogate, that she also spoke of her grandniece Gladys Sturtevant as her niece. She stated that she intended to make May Marston Johnson a beneficiary under her will. But such declaration is not competent to establish a bequest. She said, after the execution of her will, that she had mentioned May Marston Johnson in her will. The will discloses that she had not mentioned her. It is said that Mrs. Sturtevant

expressed great surprise that Mrs. Johnson was not mentioned as a legatee, but the record discloses that she was as much surprised because her mother was not mentioned. None of these declarations of the testatrix are competent, except in an attempt to identify Mrs. Johnson as a legatee, or the testatrix's intent to make her such; that is, to include her among the nephews and nieces. No fair reason is given why, if she intended to enlarge the clause to include grandnephews and grandnieces, all of her grandnephews and grandnieces were not intended to be included. It is said that she intended to recognize each line among her relatives, but it is not known whether her brother Pattison was living or dead, whether or not he had married, or whether or not he had left surviving him children. He had not been heard from in many years. If he had left children, they would be of the class designated in the residuary clause. Perhaps she had this possibility in mind. It is said that the children of Mrs. Sturtevant and Mr. Skinner were not included because the parents were beneficiaries. This fact would as well indicate that she did not intend the class named in her will to be enlarged to include grandnephews and grandnieces. As construed the word " nephews " includes but one person; why then is the word " nieces " construed to mean two persons and not more of the same class? The fact is that the surrogate has not enlarged the class, but has changed the will to name Mrs. Johnson as a residuary legatee, which the testatrix had not done. Had she intended this, there can be no question but that Surrogate FRASER would have so expressed it, or that she, intelligent woman as she was, would have so directed. In this residuary clause the testatrix did not provide that, in the case of a deceased nephew or niece, the share of that deceased one should go to his or her descendants; and so, for instance, if Mrs. Sturtevant had died, her children, grandnephews and grandniece, would have taken nothing under the will, or under the construction of the will as made by the surrogate. This will was drawn by the surrogate of Washington county, who at the time had held the office for a number of years. He certainly understood the meaning of words in a will. The testatrix was a person of education and refinement, devoted to scholarly pursuits, particularly genealogy; she knew the difference between a niece and a grandniece. If the designation of the class of beneficiaries as nephews and nieces is to be enlarged it could be enlarged to include grandnephews and grandnieces. But to enlarge this class and include one grandniece, when there were six grand-nephews and grandnieces living, is certainly unusual. The surrogate has not enlarged the class, but has interpreted the words

31

" nephews and nieces " to mean one nephew, one niece and one grandniece.

We conclude that the decree of the surrogate should be modified by striking out the name May Marston Johnson as one of the residuary legatees and the directions that she receive a portion of the residuary estate; also by striking out the award of costs to May Marston Johnson and correcting the statement of the executor's account to conform thereto; and as so modified the decree should be affirmed, with costs to the executor payable out of the estate.

Decree modified by striking out the name May Marston Johnson as one of the residuary legatees and the directions that she receive a portion of the residuary estate; also by striking out the award of costs to May Marston Johnson and correcting the statement of the executor's account to conform thereto; and as so modified unanimously affirmed, with costs to the executor payable out of the estate.