In the Matter of the Estate of GEORGE H. BARLOW, Deceased.

Surrogate's Court, Westchester County, July 7, 1932.

*Thomas G. Barnes*, for the petitioner.

*Frank D. Talmage*, for the respondents.

SLATER, S. William H. Barlow, decedent's father, died January 12, 1901, leaving a will dated May 31, 1898, admitted to probate in this court. William H. Barlow's will authorizes the executors to sell and convey his real estate, the proceeds thereof to be paid equally to the six children, with the exception that the share for the daughter, Gertrude Talmage, is to be held in trust for her during her life, with the remainder to her children who shall live to attain the age of twenty-one years.

The son, George H. Barlow, died March 2, 1924, leaving a will dated February 10, 1903, and probated in this court May 16, 1924. The third paragraph of said will is as follows:

" *Third.* The interest which I have in the real estate known as Barlow Block, and all the interest which I have in any real estate under the will of my father, except such as I have herein-before disposed of, is to be disposed of, applied and divided as provided in the will of my father 'by my executors in the same manner and proportion as provided in my father's will."

Two questions are presented for determination. The *first* is,

whether the testator could legally incorporate his father's will and make it a part of his own; *second*, admitting as a legal proposition that the decedent could incorporate by reference to the father's will, whether, by the words used in the third paragraph, the gift is full and complete, or whether it is indefinite and meaningless.

I will hold that, under the ruling of the court in *Matter of Rausch* (258 N. Y. 327), the decedent could and did legally refer to the father's will and did incorporate the disposition made by the father into the decedent's will.

I further hold that the disposal of decedent's interest in the father's estate passed one-fifth to each of said brothers and sisters, and that the one-fifth for the sister, Gertrude Talmage, is to be held in trust by trustees. The decedent said that his interest was " to be disposed of, applied and divided as provided in the will of my father * * * in the same manner and proportions as provided in my father's will."

In my judgment, " the same manner " relates to the gift of interest. The word " proportion " may have to be deleted as meaningless because the father's estate went into six parts. The decedent could not mean, nor by law could he provide a gift to himself. Consequently, I hold that those who took under the father's will take each one-fifth, and that the interest of Gertrude is to be held in trust.

It was held in *Bemis* v. *Fletcher* (251 Mass. 178, 187) that the decedent did not mean to add the gift to the residue of the other estate, of the estate referred to; but that she created a trust fund of her own, independent of that established by her husband, and that the trust is to be carried out as she directed to the same persons or corporations in the same manner and according to the same terms as her husband directed.

It would appear that there is no distinction in creating a trust and utilizing one already created, the terms of which suited the donor. (*Frew* v. *Bowers*, 12 F. [2d] 625.)

Therefore, those who serve as trustees under the will of the father take over this interest in trust, if they are willing to accept it.

The decedent was unmarried and, if he had intended to have his property go in fifths, in fee, there was no need for his making a will. Apparently, it was the intention to have his interest in his father's property pass over to the same persons and in the same manner, in fee or in trust, as the father had provided.

Submit decree in accordance with this decision.