In the Matter of the Estate of Ellen Kane, Deceased.

Surrogate's Court, Bronx County, April 16, 1937.

*William R. White, Jr. [James J. Kelly* of counsel], for John J. Lee, as executor, etc.

*Daniel O'Sullivan,* for Catherine Wims, legatee.

HENDERSON, S. No objections to the account have been filed, but the executor seeks a construction of the following paragraph of the decedent's will:

" *Second.* I bequeath to my beloved niece, Catherine Wims, the sum of Twenty-five hundred ($2,500) Dollars, to be disposed of as I have orally requested her to do."

The language is not ambiguous. Manifestly the testatrix did not intend to give her niece any beneficial interest in the legacy, except such part, if any, as was included in the oral request. It may be that when the decedent " orally requested " her desired disposition of the $2,500, her language was precatory. The language of her will, however, cannot be so construed. It is mandatory and bequeaths the specified sum to her niece for the sole purpose of its disposal in accordance with her wishes as orally expressed to her niece. In her will she gives her niece no discretion in the matter. If her niece takes at all, it must be as a trustee for the desired beneficiaries mentioned in such oral request. The legacy is not charitable. No beneficiary or beneficiaries of such disposition are designated. The attempted trust is void (Dec. Est. Law, § 16; *Reynolds* v. *Reynolds*, 224 N. Y. 429, 432), and the amount mentioned in the second paragraph passes under the residuary clause in the fourth paragraph.

The will is so construed.

Settle decree accordingly.