In the Matter of the Estate of MARGARET A. DURKIN, Deceased.

Surrogate's Court, New York County, November 16, 1937.

*Raymond J. Kelly,* for the executor, petitioner.

*Gillespie & O'Connor,* for The Society of St. Vincent de Paul in the City of New York.

*Leon Schaefler,* for the Home for the Aged of the Little Sisters of the Poor of the City of New York.

*James E. Donegan,* for the Servants of Relief for Incurable Cancer.

*Ehlermann & Crawford,* for the Church of the Incarnation.

*Doyle & Heffernan,* for Bridget Laura Healey, a legatee.

*N. Holmes Clare,* for the Catholic Institute for the Blind.

*T. Louis A. Britt,* for the Catholic Foreign Mission Society of America, Inc.

Delehanty, S. The court holds that the legacies in the will of deceased to "Cancer Hospital at Hawthorne N. Y.," "Little Sisters of the Poor W 106 St.," "St. Vincent de Paul Society of the Church of the Incarnation 175 St., St. Nicholas Ave N.Y. C.," and to "Mary Noll Seminary at Mary Noll N. Y.," were intended respectively for Servants of Relief for Incurable Cancer, the Home for the Aged of the Little Sisters of the Poor of the City of New York, the Society of St. Vincent de Paul in the City of New York, and Catholic Foreign Mission Society of America, Inc.

A further question is presented as to the intention of deceased concerning "Catholic Destitute Blind Home — c/o Catholic Charities, 477 Madison Ave N. Y. C." There is a domestic religious corporation known as the Catholic Institute for the Blind at 485 Madison avenue, New York city. Deceased apparently intended some benefit to this corporation. However, the will omits mention of any amount to be given it. The four charitable gifts immediately preceding the reference to the Catholic Destitute Blind Home are of $500 each. The charitable gift immediately following is also of $500. From this circumstance the Catholic Institute for the Blind argues that deceased intended to make a gift to it of $500. To sustain this contention it would be necessary for the court to supply in the will the amount of the legacy. There is no doubt of the power of the court to supply or reject words in order to carry out the intention of deceased once that intention is ascertained. (*First National Bank & Trust Co.* v. *Palmer,* 261 N. Y. 13; *Matter of Gallien,* 247 id. 195; *Ossman* v. *Von Roemer,* 221 id. 381.) The intention, however, must be disclosed. (*Matter of Nelson,* 268 N. Y. 255; *Matter of Kane,* 161 Misc. 767; affd., 251 App. Div. 710.) It may be that deceased intended to make a gift of some amount to this corporation, but to effectuate it there must be found some expression in the will of what property or amount was intended to be given. (*Dreyer* v. *Reisman,* 202 N. Y. 476.) The fact that the gifts to the other charities in the will are all in the sum of $500 is alone insufficient to sustain a gift by implication to this corporation of the same amount. That deceased might have intended giving a lesser amount must be conceded. If the intention to give a lesser amount is conceded as possible, then no gift by implication may be inferred. (*Brown* v. *Quintard,* 177 N. Y. 75.)

The cases relied on to support the opposite conclusion are readily distinguishable. In *Matter of Stanton* (230 App. Div. 574) the text of the will furnished a tangible clue of the specific property intended to be given. In *Matter of McGeehan* (200 App. Div. 739, affd., 237 N. Y. 575) it was clear from the provisions of the will that the residuary estate was intended to be the subject of the gift, and the property was, therefore, sufficiently identified. *Matter of Williams* (141 Misc. 824) presented the identical question now before the court. There deceased intended to make a gift to certain persons but omitted to include in the will the amount of the gifts. Counsel who prepared the will was permitted to testify that he was instructed by deceased to include in the will certain amounts for these named persons. Gifts by implication were sustained. That result was reached only because the evidence of statements of deceased as reported by her attorney was considered competent. The court does not agree with the ruling there made that the declarations were admissible. The declarations of a testator are inadmissible on the construction of a will except to explain a latent ambiguity or to rebut a resulting trust. (*Mann* v. *Mann*, 1 Johns. Ch. 231; *Reynolds* v. *Robinson*, 82 N. Y. 103; *Williams* v. *Freeman*, 83 id. 561, 569; *Matter of Phipps*, 214 id. 378, 381.) Under this rule it has been held repeatedly that any declaration of a testator designed to supply, contradict, enlarge or vary the terms of his will are inadmissible. (*Brown* v. *Quintard, supra; Bradhurst* v. *Field*, 135 N. Y. 564; *Matter of Andrews*, 213 App. Div. 479; *Matter of Willis*, 158 Misc. 534; *Leland* v. *Hoke*, 156 id. 494; *Matter of Gurlitz*, 134 id. 160; *Matter of Grossman*, 131 id. 526; *Matter of Milliette*, 123 id. 745.) " It is a general rule that extrinsic evidence is not admissible to fill up a total blank appearing on the face of a will, or to determine the person or property intended by the testator, where there is a total failure to designate any, such a devise or bequest being void for uncertainty." (94 A. L. R. 65-n.) (See, also, *Reynolds* v. *Reynolds*, 224 N. Y. 429.) Assuming that deceased here had made declarations at the time she executed her will concerning the amount she desired to give to this corporation, the evidence of such declarations would be inadmissible. The court holds that the Catholic Institute for the Blind takes no benefit under the will.

Submit, on notice, decree construing the will accordingly.