## In the Matter of the Accounting of RALPH GUNTHER, as Executor of MATHILDE KOEHLER, Deceased.

Surrogate's Court, Richmond County, January 27, 1948.

*Lahr, Dillon & Lahr* for Ralph Gunther, executor, petitioner.

*Wingate & Cullen* for Emilie Koehler, respondent.

*Thomas Schleier*, special guardian for Theo A. Faber and another, infants, and for unknown distributees, who may be infants or persons of unsound mind.

BOYLAN, S. On this final accounting the executor seeks a construction of paragraph Third of testatrix's will which was executed on October 19, 1942. The paragraph in question reads as follows: "All the rest, residue and remainder of my estate, real and personal, of whatsoever kind and nature, and wheresoever found, I give, devise and bequeath to Ralph Gunther in trust nevertheless to distribute and make over the same to the persons whom I have indicated to him during my lifetime." An unwitnessed paper entitled "Directions to Ralph Gunther" is attached to the account. This paper, dated " April 31, 1943 ", is signed by the testatrix and has an unsigned attestation clause following the decedent's signature. The petition states that paragraph "Third" raises the question as to whether such incorporation by reference is valid and legally effective.

The early decisions in New York followed the common-law rule which permitted the provisions of a paper, not executed with testamentary requirements to be incorporated in a will by

reference thereto, provided such paper was in existence at the time of the execution of the will and was clearly described and identified by the will (*Tonnele* v. *Hall,* 4 N. Y. 140; *Brown* v. *Clark,* 77 N. Y. 369; *Caulfield* v. *Sullivan,* 85 N. Y. 153; *Matter of Douglass,* 38 Misc. 609). The later cases, however, required that enforcible dispositive provisions be contained in a writing executed with the prescribed testamentary formalities, thus limiting the application of the doctrine of incorporation by reference in the case of a paper not completed in the manner required for a will, to a writing containing matters of description or identification only. The leading case during this period is *Booth* v. *Baptist Church* (126 N. Y. 215, 247). In this case the court stated "It is unquestionably the law of this state that an unattested paper which is of a testamentary nature cannot be taken as a part of the will even though referred to by that instrument. (*Langdon* v. *Astor's Exrs.,* 16 N. Y. 26; *Williams* v. *Freeman,* 83 id. 569; *Matter of the Will of O'Neil,* 91 id. 523.)"

This theory of incorporation by reference prevailed as settled law in this State for many years. The first serious indication of a liberalization of the rule on the part of the Court of Appeals is found in the case of *Matter of Fowles* (222 N. Y. 222, 228 [1918]). The testator's will directed that after his wife's death a percentage of his estate should go "pursuant to the provisions of such last will and testament as my said wife may leave (hereby conferring upon my said wife the power to dispose of the said one-half by last will and testament duly executed by her.)" Testator's will further provided that if he and his wife died under circumstances which made it impossible to know which survived, his wife was to be deemed the survivor. They died in a common disaster and the court held that as it was the husband's intention that his estate be distributed as if his wife were the survivor, the appropriate percentage of the husband's estate was to be disposed of in accordance with the terms of the wife's will. Judge Cardozo emphasized that the rule against incorporation has not been set aside although he recognized that "there must be exceptions to its apparent generality." (p. 232.) In other words the rule was not to be pressed to "a drily logical extreme" (p. 233) but the court in each case must look to the substance.

The principle of the *Fowles* case (*supra*) was further developed by the Court of Appeals in *Matter of Rausch* (258 N. Y. 327). The testator gave one fifth of his residuary estate " to the New York Trust Company of New York City, to be held by said Trust Company in trust for the benefit of my daughter Florence

Skillings, under the same terms and conditions embodied in the Trust Agreement made between myself and the said New York Trust Company, dated April 15, 1922, the principal to be disposed of as contained in the said agreement, and which agreement is hereby made part of this my will, as if fully set forth herein.'' The court, while cautioning that the decision must not be considered as an absolute renunciation of the doctrine of the *Booth* case (*supra*) permitted the incorporation by reference of the agreement mentioned. '' It is one thing to hold that a testator may not import into his will an unattested memorandum of his mere desires and expectations, his unexecuted plans (*Booth* v. *Baptist Church of Christ,* 126 N. Y. 215, 247). It is another thing to hold that he may not effectively enlarge the subject-matter of an existing trust by identifying the trust deed and the extent and nature of the increment'' (p. 331). (See, also, *Matter of Barlow,* 144 Misc. 210.)

In the case of *President and Directors of Manhattan Company* v. *Janowitz* (260 App. Div. 174, 178) the court stated: "It cannot be disputed that the decision of the Court of Appeals in the *Matter of Rausch* (*supra*) is an exception to the well-settled rule in this State against incorporation by reference. That case, however, must be limited to its own peculiar facts. There the trust agreement was in existence at the time the will was executed.''

In the *Matter of Rausch* (*supra,* p. 332) Mr. Justice CARDOZO stated: '' Even in courts where incorporation is permitted more liberally than it is with us, the reference must be to a document or something equivalent thereto (*Wilcox* v. *Attorney-General,* 207 Mass. 198), the document must be in existence at the time of the making of the will, and the tests of identification must be precise and definite (*Matter of Shillaber,* 74 Cal. 144; *Watson* v. *Hinson,* 162 N. C. 72).''

The petitioner relies on the case of *Jay* v. *Lee* (41 Misc. 13). The language of the will in that case was precisely the language of the testatrix in the will now before the court. In *Jay* v. *Lee* (*supra,* p. 14) the court stated: "The designation here is of persons whose names the testator had given to the trustees before making her will. So long as the fact exists that she gave them the names, it does not matter whether it was done orally or in writing.'' The court held that it was not necessary that the beneficiaries be named in the will; it suffices that they are so designated and ascertainable.

In the case of *Reynolds* v. *Reynolds* (224 N. Y. 429) the will provided: "Item Sixth. I do hereby give and bequeath to my

said Executor all of the personal property (of) which I may die possessed and which I may own at the time of my death in trust, however, and for the purposes of paying out and disposing of same as I have advised and directed him to do." The Appellate Division in its opinion (167 App. Div. 90) cited *Jay* v. *Lee* (*supra*) and held that the trust was perfect and complete with the exception that it did not name the beneficiaries. The Court of Appeals (224 N. Y. 429) reversed the Appellate Division. Concerning the opinion of *Jay* v. *Lee* the court said (p. 434–435) " GAYNOR, J., in the Special Term case of *Jay* v. *Lee* (41 Misc. Rep. 13) states the reasons clearly. Although the bequest can be made only by will, the evidence *dehors* is not to make a bequest, but to ascertain and identify the beneficiaries designated in the trust clause of the will; the designated beneficiaries are ascertainable and the trust enforcible although the evidence to identify such designees may be unobtainable; the trust is, therefore, valid and the case distinguishable from *Holland* v. *Alcock* (*supra*) and like cases where no human power could identify the beneficiaries. The reasoning is plausible but uncertainty of designation and uncertainty of proof of designation are not far apart. Moreover, if this principle is applied we may incorporate into a written will, not a writing alone, but even oral statements based on the slippery memory of a single witness. The doctrine of incorporation which exists to some extent in this state, may not be invoked to read into the will the recollection of the executor."

The court also stated (pp. 432–433):

"The question is whether the testamentary provision thus made is valid. Wills must be executed in compliance with statutory formalities, and are not to be enlarged or diminished by reference to extrinsic testimony which may not be authentic. (*Matter of Fowles,* 222 N. Y. 222, 229.) 'The existence of a valid trust capable of enforcement is &ast; &ast; &ast; essential to enable one claiming to hold as trustee, to withhold the property from the legal representatives of the alleged donor.' (*Holland* v. *Alcock,* 108 N. Y. 312, 324.)

"The total failure to designate the beneficiaries of the trust in the will makes it to that extent an unwritten will, ineffectual for any purpose. (Decedent Estate Law [Cons. Laws, ch. 13], § 16.) The death of the executor prior to the establishment of the trust would leave the court wholly without power to distribute the fund in accordance with testator's wishes. (*Holland* v. *Alcock, supra*; *Fairchild* v. *Edson,* 154 N. Y. 199; *Gross* v. *Moore,* 68 *Hun,* 412; affd., 141 N. Y. 559.)

"The facts in *Matter of O'Hara* (95 N. Y. 403) and *Amherst College* v. *Ritch* (151 N. Y. 282) and like familiar cases, are different. The wills there considered created no express trust but equity declared a secret trust to exist on the ground of fraud. To sustain this will would be to perpetuate a fraud upon the next of kin, evade the Statute of Wills and defeat the policy of the state. The language of FINCH, J., in *Matter of O'Hara* (*supra,* at p. 422) may readily be paraphrased to apply hereto. Any bequest of this character is dangerous and indefensible. It exposes testators to the suggestion of unnecessary difficulties as inducements to the artifice of a secret and unwritten will. It exposes the trustee to temptation and, even when he acts honestly, to severe and unrelenting criticism. It subserves no good or useful purpose. If we sustain it we admit that any statute may be thus evaded." In the *Reynolds* case (*supra*) the Court of Appeals apparently repudiated the doctrine enunciated in *Jay* v. *Lee.*

In the case now before the court the undisputed fact is that the will was executed on October 19, 1942, and the "Direction" document on "April 31, 1943". This latter document was not in existence at the time of the execution of the will and therefore has no validity.

The court holds that (1) the unattested paper cannot be incorporated in the will by reference and (2) that the testatrix, insofar as her residuary estate is concerned, died intestate.

Enter decree, on notice, judicially settling the account in accordance herewith.