S. Samuel Di Falco, S.
The petition of the accounting executors requests determination of several questions relating to distribution of the estate. The following rulings are made on the questions thus presented:
(1) The parties have properly construed the gifts to Elizabeth Dyker, William Dyker, Ruby Duncan and Harry Duncan, Jr., as general legacies. The provision in the will amounts, in effect, to a direction to the executors to purchase such bonds out of her estate generally, and such a gift is regarded as a general legacy. (4 Page, Wills, § 1397; Matter of Dressler, 122 Misc. 347; Matter of Morphy, 70 N. Y. S. 2d 167.) The petitioners ask that they be permitted to pay to each legatee the amount of cash stated in the will in each case. The direction, however, is to purchase bonds in the amount stated (Matter of Lendle, 250 N. Y. 502, 505; Matter of Morphy, supra, p. 171) and the testatrix bequeathed only so much as is required to make such purchase.
(2) The last sentence of the will reads: “ After all doctors [sic] expenses and funeral expenses are paid if anything is left, please give something to Miss H. Pettis * * * also Charlotte Mcfarlane * * The executors contend that this provision represents a gift of the residuary estate to the two named individuals. That construction is opposed by the Attorney-G-eneral, representing unknown distributees.
The will expresses a wish to give “ something ” to the named persons. It does not pretend to give the entire residue to them. Whatever the testatrix had in mind, she has failed to express it. Whether she intended a token gift or the balance of her estate are matters of conjecture. She had failed to describe the subject matter of the gift with sufficient clarity to enable the court to determine the amount of the gift. The net assets remaining after payment of debts, expenses and other legacies, must be *470 distributed as intestate property. (Matter of Grantham, 279 App. Div. 658, affd. 303 N. Y. 1001; Matter of Durkin, 165 Misc. 366.)
(3) It was stated in court that the items of jewelry specified in the fifth pargraph of the petition were not found among the assets of the testatrix and are not in the possession of the executors. These articles of jewelry were the subject of specific legacies to the named individuals. Inasmuch as none of the jewelry could be found by the executors the specific legacies have adeemed.
(4) The executors ask the court to determine that Mary Thomson has waived her right to select household goods as provided in the will. Counsel stated that the waiver would be produced and filed with the court. It is not at all clear from the copy of the letter which counsel submitted whether or not a waiver was intended. On the present state of the record it is not possible to say whether or not the beneficiary abandoned her rights as implied in the petition.
(5) The executors ask the court to determine that certain beneficiaries had predeceased the testatrix and that their legacies therefore lapsed. Proof was submitted that Georgiana Thomson, Elsie Wink and Charles Tocher died prior to the death of the testatrix. Their legacies lapsed by reason of their failure to survive the decedent. There is no proof in the record of the date of death of Mrs. Robertson and the court can make no ruling with respect to her legacy.
(6) The amount requested in the petition for the erectiop. of a monument has been reduced in court to a maximum of $350. The objections to that part of the petition were withdrawn on condition that no more than $350 be spent for .that purpose. The objections to the other items of burial expense have been withdrawn, and payment of the unpaid balance of such expense is allowed. The reasonable compensation of the attorneys for the executors is fixed and allowed in the total sum of $600. Of that amount, $300 has already been paid on account. Their disbursements are allowed in the sum of $24.75. The disbursements which were not itemized are disallowed, without prejudice to the right of the attorneys to tax allowable disbursements in a proper bill.
The above rulings dispose of the objections filed by the Attorney-General. The third objection is marked withdrawn on the terms and conditions stated above. Submit decree on notice settling the account accordingly.